## DENISON *against* DENISON.

The combining of the claims in several counts, neither of which claims by itself amounts to seventy dollars, will not give jurisdiction to the superior court.

If the plaintiff's claim is not, at the time of the appeal, sufficient to give jurisdiction to the superior court, that court cannot acquire jurisdiction, by any subsequent augmentation of such claim by the accruing of interest.

Therefore, where an action was brought to the county court, and thence appealed to the superior court; the declaration contained several counts, in neither of which did the plaintiff's claim, at the time of the appeal, amount to

seventy dollars, although the aggregate of the claims in the several counts exceeded that sum, and more than that sum was demanded in the *ad damnum* clause; after a trial in the superior court and a verdict for the plaintiff, at a time when the claim in each count separately, by the accruing of interest thereon, amounted to more than seventy dollars, the defendant moved in *arrest of judgment, for want of jurisdiction;* it was held, 1. that the action, at the time of the appeal, was not appealable; 2. that the appeal being unauthorized and void, the subsequent augmentation of the claim did not give jurisdiction.

This was an action of *assumpsit*, in several counts, founded on the following writing signed by the defendant : "This certifies, that the undersigned agrees to pay the sum of fifty dollars to *Amos E. Denison,* [the plaintiff] in consideration of personal friendship, and with a view to facilitate the settlement of an unhappy difficulty now existing between the heirs of the late *Amos Denison*, deceased. *Stonington, May* 19th, 1836. *Charles W. Denison.*"

The sum demanded in the *ad damnum* clause, was more than seventy dollars.

The cause was tried, at *Norwich, March* term, 1843, before *Hinman*, J.

On the trial, the plaintiff offered a witness to prove a valuable consideration for the defendant's promise ; who was objected to, by the defendant, and admitted by the court. The defendant afterwards claimed, that if the jury should find certain facts in controversy in his favour, the plaintiff was not entitled to recover ; and requested the court so to charge the jury. This the court omitted to do, but gave a different charge ; and the plaintiff had a verdict. The defendant thereupon moved for a new trial, for the admission of improper testimony and for a mis-direction.

The defendant also moved in arrest of judgment, alleging, that the cause of action (if there was any) accrued to the plaintiff in the year 1842, and was for the sum of fifty dollars ; that the action was brought to the county court for *New-London* county, at the *June* term 1842, and was by the plaintiff appealed to the superior court, at the same term ; and that the damages recoverable therein, (all of said counts being for the same cause of action) were, when said suit was appealed, less than the sum of seventy dollars ; and said suit was not, therefore, within the jurisdiction of the superior court.

The questions arising upon the motion for a new trial, and upon the motion in arrest, were reserved for the consideration and advice of this court.

*Foster*, in support of the motion in arrest, (abandoning the motion for a new trial,) contended, 1. That this being an action *ex contractu*, furnishing, on the face of the declaration, a certain rule of damages, the jurisdiction of the superior court, was determined, by the amount recoverable at the time of the appeal; and this being less than seventy dollars, the cause was not appealable.

2. That the cause not being appealable, when the appeal was taken, neither the subsequent augmentation of the matter in dispute, by the accruing of interest, nor the appearance of the parties and their proceeding to trial on the merits, will give jurisdiction to the superior court. *Perkins* v. *Perkins,* 7 *Conn. R.* 558. *Newtown* v. *Danbury,* 3 *Conn. R.* 553.

*Pomeroy*, contra, contended, 1. That the action, when first brought to the county court, was appealable, the sums demanded in the several counts amounting to more than seventy dollars.

2. That if the demands in the several counts cannot be taken collectively, still at the time of taking the exception, there was due on the contract, by the accumulation of interest, more than seventy dollars; and of course, the superior court then had jurisdiction. If the superior court then had jurisdiction, it will not dismiss the cause for want of jurisdiction. *Cui bono* arrest the judgment? If the cause were sent back to the county court, the moment it was entered there, it would be appealable; and then the superior court would unquestionably have jurisdiction. May it not as well hold jurisdiction of it now? Will the walking of this figure aid the administration of justice?

*Foster*, in reply, remarked, that the superior court had jurisdiction only by virtue of the appeal; and if the cause was not appealable, when the appeal was taken, there was no appeal: the basis of jurisdiction failed.

STORRS, J. The only question now presented for our advice, and which arises on the motion in arrest of judgment,

is, whether the superior court has jurisdiction of this cause. *New-London,*
*July, 1843.*
The action was brought to that court, by appeal from the
county court. The declaration contains several counts, in Denison
*v.*
Denison.
neither of which, as is apparent on their face, did the claim,
when the cause was appealed, amount to seventy dollars, al-
though the aggregate of the claims in the several counts ex-
ceeds that sum, and more than that sum is demanded in the
*ad damnum* clause : so that the question is, whether by com-
bining together several claims, neither of which by itself is
sufficient to give jurisdiction to the superior court, jurisdiction
can be conferred. This depends on the true construction of
the statute conferring appellate jurisdiction on that court.
After providing that " all actions wherein the matter in de-
mand does not exceed the value of seventy dollars, except
such matters as may be tried by a justice of the peace, shall
be heard and finally determined by the county court,"—the
statute (*p.* 57. *tit.* 2. *s.* 62.) prescribes, that " in any action
brought to and tried by the county court, wherein the debt,
damage, or matter in dispute, shall exceed the value of seventy
dollars, (with an exception which has no application to the
present case,) if either party shall be aggrieved by the sen-
tence or judgment of such court, an appeal shall be allowed
to the next superior court." Although, by a literal construc-
tion of this act, it might perhaps embrace all actions tried in
the county court, in which the aggregate amount of the claims,
contained in the several counts, should be more than seventy
dollars, by considering the "debt, damage, or matter in dis-
pute" to consist of such aggregate sum ; yet we are entirely
satisfied, that such is not its true meaning, and that it would
not comport with the intention of the legislature. It may,
however, well admit of a doubt, whether the very words do
not rather exclude the appellate jurisdiction of the superior
court, as to every debt or matter in dispute, which does not
exceed in amount seventy dollars. But, without criticising
the words of the statute, the intention of the legislature is quite
plain. It was to give final jurisdiction to the county court of
all claims not exceeding that amount, (with the exceptions
specified) and of course, to limit the appellate jurisdiction of
the superior court to all claims, with those exceptions, which
should exceed that sum. It was deemed quite safe, and

therefore expedient, to limit the final trial of claims not exceeding that amount to the county court, leaving the revision of all decisions on questions of law to the ordinary remedy by writ of error; while as to larger claims, it was deemed proper to furnish an opportunity for another trial of the facts in the superior court. If the claim of the plaintiff is correct, that the aggregate amount of the claims declared on is to determine the jurisdiction, it is obvious that the object of the legislature may, in all cases, be most easily frustrated; for nothing more would be necessary than to add to a count for a claim, however small, others which should be for no larger, or even fictitious causes of action, in order to confer jurisdiction on the superior court: and thus the trial of the smallest claims, even those within the final jurisdiction of a justice of the peace, might be drawn into the superior court. It is scarcely necessary to say, that such could not have been the intention of the legislature. It is true, that counts for different causes of action may be joined in the same declaration, and tried together; but, for the purpose of ascertaining jurisdiction, the counts must be viewed separately; and the court has not jurisdiction to try the cause of action in any count, unless it would have such jurisdiction, if it were the only count in the declaration; since it is difficult to conceive how the court can take cognizance of several distinct claims together, of neither of which separately it would possess jurisdiction.

It is insisted by the plaintiff, that although the amount in controversy was not, when the action was appealed, sufficient in any of the counts to give the superior court jurisdiction, yet that when the action was tried in that court, the interest which had accrued on the claims declared on, since the appeal was taken, had increased such amount above the sum necessary to authorize an appeal; and therefore, that the court had jurisdiction. If however that court had no jurisdiction when the action was appealed, it could not acquire it, by any thing which subsequently took place. The appeal was unauthorized and void. On the principle contended for, by the plaintiff, an appeal might be taken on the smallest imaginable claim drawing interest, and by merely procrastinating the trial sufficiently long, the superior court might acquire

jurisdiction, although at all times previously it might and should be dismissed for want of jurisdiction.

The superior court having no jurisdiction of the cause, an examination of the other points presented becomes unnecessary. Our advice is, that judgment be arrested.

*New-London,*
*July, 1842.*

Denison
*v.*
Denison.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

Judgment to be arrested.