### JOSEPH N. NICHOLS vs. THADDEUS HASTINGS.

A declaration contained two counts, one special, on a promissory note of $40, the other general, embracing several of the common counts, but setting up only one indebtedness of $50, the entire damages claimed being $150. Held that the indebtedness of the two counts could not be added together to make a greater sum than $50, so as to bring the case within the jurisdiction of a city court whose jurisdiction was limited to cases in which the matter in demand exceeded $50.

A bill of particulars filed under the general count contained a single item, "balance of rent, $25." Held that this item and the note, if regarded as both admissible in support of the general count, yet could not by being added together confer jurisdiction, because that count set up an indebtedness of only $50, and the jurisdiction could not be aided by proving a larger indebtedness.

But there being in the general count no statement of indebtedness to which the item of rent was applicable, that item could not be made available for any purpose.

ASSUMPSIT, brought originally to the city court of the city of Waterbury, and by a motion in error of the plaintiff, from a judgment of that court for the defendant, to the Superior

Court in New Haven county, where it was tried before *Phelps, J.*

The declaration was as follows: " The plaintiff declares and says that the defendant in and by a certain writing or note, under his hand, by him well executed, dated the 17th day of June, 1867, promised the plaintiff to pay to him, on demand, for value received, the sum of forty dollars, with interest, as by the said writing or note ready in court to be shown appears. And the plaintiff further says that the defendant, on the day and year last aforesaid, was further indebted to the plaintiff in the sum of fifty dollars, for so much money before that time had and received of the plaintiff by the defendant, to and for the use of the plaintiff; and for so much money before that time paid, laid out and expended by the plaintiff for the defendant, at the special instance and request of the defendant; and for so much money before that time lent and advanced to the defendant by the plaintiff, at the special instance and request of the defendant; and for goods, wares and merchandise, before that time sold and delivered to the defendant by the plaintiff, at the special instance and request of the defendant ; and for work and labor done and performed by the plaintiff for the defendant, at the special instance and request of the defendant; and for money found to be due and owing from the defendant to the plaintiff, on an account then and there stated between them; and being so indebted, the defendant afterwards, to wit, on the day and year last aforesaid, in consideration thereof, undertook and faithfully promised the plaintiff to pay to him said sum of money when he should be thereto afterwards requested. Yet the plaintiff says that the defendant, his said several promises not regarding, has never performed the same, though often requested and demanded ; which is to the damage of the plaintiff the sum of one hundred and fifty dollars."

The following bill of particulars was filed in the case under the general count :

" Thaddeus Hastings, to Joseph N. Nichols, Dr. 1868. To balance of rent, $25.00."

The city court sustained a plea to the jurisdiction of the

court and rendered judgment for the defendant. The Superior Court affirmed the judgment of the city court and the plaintiff brought the case before this court by motion in error.

Webster and O'Neil, for the plaintiff, cited Newtown v. Danbury, 3 Conn., 553 ; Landon v. Sage, 11 id., 302 ; Dean v. Mann, 28 id., 352 ; Vila v. Weston, 33 id., 42 ; 1 Swift Dig., 703 ; 2 id., 460 ; 2 Greenl. Ev., § 91 ; 1 Chitty Pl., 343, 726 ; 2 id., 88 ; Main v. First School District of Preston, 18 Conn., 218 ; Rider v. Robbins, 13 Mass., 284.

Kellogg, for the defendant, cited Newtown v. Danbury, 3 Conn., 553 ; Denison v. Denison, 16 id., 34 ; Main v. First School District of Preston, 18 id., 214.

CARPENTER, J. This court decided in Denison v. Denison, 16 Conn., 34, that where the declaration consists of several counts, and the claim stated in each count was less than seventy dollars, although the aggregate of the several claims was greater than that sum, the Superior Court had not jurisdiction of the case. The city court of Waterbury therefore had no jurisdiction of this case, unless the demand stated in some one count in the declaration exceeded the sum of fifty dollars. The declaration consists of two counts, neither of which, on its face, is within the jurisdiction of the court. The first is special, on a promissory note of less than fifty dollars. The second is general, embracing in one several of the common counts. There is but one debt, of fifty dollars, stated in this count; but the consideration is variously stated, as money had and received, money paid and expended, money lent and advanced, goods sold, work and labor done, and an account stated. That the pleader intended to describe but one debt is apparent, not only from the manner in which the indebtedness is described, but also from the manner in which the promise is alleged. That allegation is, that the defendant " undertook, and faithfully promised the plaintiff to pay to him said sum of money," &c. The declaration does not state an indebtedness consisting of several items, each of

the amount of fifty dollars, and amounting to a larger sum in the aggregate. The case therefore does not fall within the principle established in *Main* v. *First School District of Preston*, 18 Conn., 214. But if there was any doubt upon this point it is effectually removed by the bill of particulars, which limits this count to a single item which is less than fifty dollars. Thus far the case of *Denison* v. *Denison* seems to be decisive of this.

But it may be said that the note is admissible under the second count as evidence of money had and received; and that the amount of the note, added to the demand for rent, exceeds the sum of fifty dollars, and therefore that the sum provable under this count is within the jurisdiction of the court.

To this claim there are two answers.

1. The jurisdiction of the court is determined by the amount of indebtedness stated in the declaration, and not by the amount proved due on the trial. *Newtown* v. *Danbury*, 3 Conn., 553. When the amount stated is less than the amount required, jurisdiction cannot be conferred by proving a greater amount. So on the other hand, when the amount stated is within the jurisdiction of the court, it cannot be taken away by proving a less amount.

2. The item of indebtedness described in the bill of particulars, being for balance of rent, cannot be the basis of a recovery under either count in the declaration. And it is not competent for the plaintiff to confer jurisdiction upon the city court in respect to the note, by inserting in his bill of particulars a demand not provable under the declaration.

On the whole we are satisfied that the case was not within the jurisdiction of the city court, and that there is no error in the judgment of the court below.

In this opinion the other judges concurred.