GEORGE HOEY *vs.* LAWRENCE HOEY.

A declaration contained a special count on a promissory note for $350, and a general count in assumpsit alleging an indebtedness of $500, and concluded with a demand of $500 damages.   The jurisdiction of the court was limited to $500. Held that the court could not be ousted of its jurisdiction by adding together the indebtedness stated in the two counts.

A bill of particulars filed in the case set forth an indebtedness of over $500. Held that this did not necessarily oust the court of jurisdiction.

The bill of particulars contained and described the note of $350 upon which the first count was founded, and items of account amounting to $451 more, making a total of $801.   Held that it was the duty of the court to give such a construction to the bill of particulars if possible as to preserve rather than defeat its jurisdiction, and that in so doing it might apply the item of the note

to the first count and the remaining items to the general count, and that as it was not necessary for the plaintiff to include the note in the bill of particulars it might be considered as containing only the other items.

A motion for a new trial must show clearly what the error is which is claimed to have been committed upon the trial, and this court is not bound to help out an obscure and uncertain statement by any favorable construction.

And the same rule is applicable to a bill of exceptions and an assignment of errors upon it.

Assumpsit upon a promissory note, with the common counts in general assumpsit; brought to the court of common pleas of New Haven county, and tried on the general issue, with notice of a set-off, closed to the court, before *Bronson, J.*

The plaintiff filed the following bill of particulars:—

| | | |
|---|---|---|
| February 2d, 1866, One note for three hundred and fifty dollars with interest, | $350.00 |
| " " " By cash to S. Paine, for said Lawrence Hoey, - - - | 100.00 |
| " " " By cash to Lawrence Hoey, | 150.00 |
| 1866 and '67, Eighteen months work, at $16 per month, - - - | 200.88 |
| To Mrs. Lawrence Hoey, - | .40 |
| Interest, - - - - | |
| | $801.28 |

The defendant also, under the notice attached to his plea, filed an account against the plaintiff, amounting in the whole to $710.25.

Upon the trial of the case, and before any of the evidence was heard, the defendant moved to erase the case from the docket, on the ground that the court had no jurisdiction because the matter in demand exceeded the sum of five hundred dollars. And while the motion was pending, and against the objection and protest of the defendant, the court, on motion, allowed the plaintiff to amend his bill of particulars by adding the following, to wit: " By cash paid on this at different times, 301.28." The court then overruled the motion of the defendant to erase the case from the docket, and proceeded to hear the cause and render judgment therein; and admitted evidence to prove all the matters in demand in

the plaintiff's bill of particulars, and in the defendant's account. To all of which proceedings the defendant objected.

The plaintiff, upon the trial, offered evidence to prove a certain item of cash lent to Mrs. Lawrence Hoey, to the amount of forty dollars, under that portion of his bill of particulars which reads, " To Mrs. Lawrence Hoey, .40," but without at that time moving to amend his bill; and afterwards, during the argument, without the knowledge of the court or of the defendant, amended his bill of particulars so that the last item was made forty dollars instead of forty cents, and claimed the forty dollars as part of his claim and matter in demand; and the court, without knowledge that any amendment had been made during the trial, treated the forty dollars as part of the matter in demand, and included it in the judgment.

The court rendered judgment for the plaintiff for the sum of $449.45 and costs, and the defendant filed a bill of exceptions and a motion in error, assigning the following errors:

" 1st.    That the court manifestly erred in refusing to erase the case from the docket, and in retaining and exercising jurisdiction, when the matter in demand exceeded five hundred dollars, and when a motion had been made by the defendant to erase from the docket for that cause.

" 2d.    That the court erred in allowing the plaintiff to amend his bill of particulars against the objection of the defendant, when the court had no jurisdiction of the matter in demand.

" 3d.    That the court erred in proceeding to, and rendering judgment, taking the plaintiff's bill of particulars, including the said sum of forty dollars, as the matter in demand, and in including the said sum of forty dollars in the judgment."

The defendant also filed the following motion for a new trial :

" Upon the trial of this case the court admitted evidence offered by the plaintiff, to prove all matters in demand and items contained in his bill of particulars; and admitted evidence offered by the defendant to prove all the matters contained in the defendant's bill of particulars ; and admitted

evidence to prove the item of forty dollars, and rendered judgment, including in said judgment the said sum of forty dollars, against and overruling the objection and protest of the defendant to the jurisdiction, and to the sum of forty dollars, as aforesaid, and taking the bill of particulars aforesaid set forth, as the basis of the plaintiff's claim, and the defendant's bill of particulars as the basis of the defendant's claim. The defendant feeling aggrieved &c."

*H. Stoddard,* with whom was *Blydenburgh,* in support of the motions.

1. The jurisdiction of the court of common pleas is limited by statute to civil causes, in which the matter in demand exceeds the jurisdiction of a justice of the peace, and does not exceed the sum of five hundred dollars. Acts of 1869, p. 313, sec. 3.

2. The matter in demand is the actual amount claimed by the plaintiff in his declaration, which is determined by his bill of particulars. *Denison* v. *Denison,* 16 Conn., 37; *Vila* v. *Weston,* 33 id., 42; *Newtown* v. *Danbury,* 3 id., 553. This bill of particulars could be made part of the declaration by way of amendment, and such amendment ousts the court of its jurisdiction. *Murphy* v. *Campbell,* 36 Misso., 110.

3. The plaintiff's bill of particulars is a demand for $801.28, with interest, and therefore beyond the jurisdiction as it originally stood.

4. The court could make no order, nor allow an amendment, because it had no jurisdiction of the matter in demand. When the motion to erase was made no other question could have been made, and the court erred in permitting the amendment and in refusing to erase.

5. But if the court could legally permit the amendment, still this false credit does not bring the matter in demand within the jurisdiction of the court, for in his bill of particulars the plaintiff claims $801.28, with interest on a portion of that sum for nearly four years, and on the remainder for different periods of time. Now when this fictitious credit of $301.28 was given, the plaintiff omitted to make provision

for the interest, and while claiming it as part of his debt, gives no credit for it, and that makes the amount claimed more than $500. And where interest has accrued and is claimed, it ousts the court of jurisdiction. *Milburn* v. *Burton,* 2 Cranch C. C., 639.

6. The only debt claimed, and the only demand made to support which evidence was offered, was contained in the bill of particulars. · But if a portion of the demand was beyond the jurisdiction of the court, the judgment is void in toto. *Foy* v. *Talburt,* 5 Cranch C. C., 124. For if the plaintiff might claim $1000 in one count, and $500 in another, the result is that controversies concerning amounts far beyond the jurisdiction would be adjudicated upon in that court.

7. The allowance of the sum of $40 in the judgment is clearly error ; or, at least, if these things do not render the judgment erroneous, they certainly entitle the defendant to a new trial upon a cause of action within the jurisdiction of the court. The judgment should be reversed or a new trial granted.

*Robinson,* with whom was *Fox,* contra. ·

CARPENTER, J. The declaration consists of two counts. The first is special, on a promissory note for three hundred and fifty dollars. The second is a general count in assumpsit, alleging an indebtedness of five hundred dollars. The declaration concludes with demanding five hundred dollars damages. The bill of particulars, filed in obedience to an order of the court, sets forth an indebtedness of over eight hundred dollars. The defendant thereupon moved the court to erase the cause from the docket, on the ground that the matter in demand exceeded the jurisdiction of the court. The court permitted the plaintiff to amend his bill of particulars by crediting the excess over five hundred dollars, and entertained jurisdiction of the case. Upon the trial the amount found due the plaintiff was less than five hundred dollars, for which judgment was rendered, and the defendant brings the record before this court on a motion in error.

The first two errors assigned may be considered together, being in effect but one, and that is, that the case was not within the jurisdiction of the court of common pleas. The statute limits the jurisdiction of that court to cases wherein the matter in demand exceeds the jurisdiction of a justice of the peace, and does not exceed the sum of five hundred dollars.

We may lay out of the case the amendment of the bill of particulars as immaterial.

Each count, on its face, is confessedly within the jurisdiction of the court, and the court cannot be ousted of its jurisdiction by uniting the indebtedness stated in the two counts, although the aggregate amount exceeds five hundred dollars. *Denison* v. *Denison*, 16 Conn., 37. Nor does the bill of particulars have that effect. The nature and office of a bill of particulars are clearly and correctly defined in *Vila* v. *Weston*, 33 Conn., 42. Although in a certain sense it is an amendment or amplification of the declaration, yet it does not necessarily follow that it controls the declaration in respect to jurisdictional facts. There may be a distinction between an action of general assumpsit and actions of book debt and upon specialties and promissory notes, in which the plaintiff in his declaration makes a profert of his books, or instrument declared on, and in which the defendant may demand oyer of the same, and set it out in his plea, and thus make it a part of the record. In such actions there may be reasons for determining the jurisdiction of the court upon the matter contained in the oyer which do not apply to the present action. But we have no occasion to discuss that question, as we are all satisfied, upon another ground, that the motion of the defendant ought not to have prevailed.

The bill of particulars, when carefully examined and considered, will be found to follow strictly the declaration, and to be in complete harmony with it. It does not appear that the defendant demanded it, or that the court ordered it, in respect to either count in the declaration. And the plaintiff in preparing it did not limit it, or any item in it, to either count, but left it for the court to apply each item to the count

to which it was applicable.  In doing so it was the duty of
the court, if possible, to do it in such a manner as to retain
rather than deprive itself of its jurisdiction.  The first item
is a note, the description of which corresponds with the note
described in the first count, and the presumption is that it is
the same.  That item then is applicable to the first count.  It
makes no difference that it may also be applicable to the other
count, as there is no presumption that the court so applied it.
Besides, there was no occasion to enter it upon the bill of
particulars at all.  The plaintiff probably did so out of
abundant caution; but it was unnecessary, inasmuch as it
was described in the declaration and admissible in evidence,
if necessary, under either count, without further specification.
*Vila* v. *Weston*, supra.  Inserting it in the bill of particulars
can have no legal effect, unless it be to oust the court of its
jurisdiction, and we are not disposed to give it that effect.
The remaining items, amounting to less than five hundred
dollars, are applicable to the second count.  The bill of par-
ticulars may, therefore, in legal contemplation, be considered
as containing the latter items only.  Taking that view of it,
and we are satisfied it is the correct one, it is manifest that
the court did not err in retaining and exercising jurisdiction
of the case.

A question is made concerning the item of forty cents in
the bill of particulars, which, it appears, was proved and
included in the judgment at the sum of $40.  The defendant
assigns as the error upon this point, that the court " took the
plaintiff's bill of particulars, including the said sum of forty
dollars, as the matter in demand, and included the said sum
of forty dollars in the judgment."  It is very difficult to get
any clear idea from the bill of exceptions what the precise
action of the court was which the defendant claims to have
been erroneous.  It appears by it that the item in the bill of
particulars of forty cents for cash lent was claimed by the
plaintiff upon the trial to have been intended to be forty
dollars instead of forty cents, and that the plaintiff offered
evidence to prove a charge of forty dollars for cash lent, but
without moving to amend the bill; and " that afterwards,

upon the argument, without the knowledge of the court or of the defendant, he amended the bill of particulars so as to make the item forty dollars instead of forty cents, and claimed the forty dollars as part of his claim and matter in demand," and that " the court, without knowledge that any amendment had been made during the trial, treated the forty dollars as part of the matter in demand and included it in the judgment." From this it would appear that the court had no knowledge that the amendment had been made at the time the judgment was rendered, and yet the error assigned is that the court " took the plaintiff's bill of particulars, including the item of forty dollars, as the matter in demand" —meaning of course the plaintiff's amended bill of particulars, as it was only in that that the item of forty dollars appeared.

The case is not helped in respect to this point by the motion for a new trial. That motion states that " the court admitted evidence offered by the plaintiff to prove all matters in demand and items contained in the plaintiff's bill of particulars, and admitted evidence to prove the item of forty dollars, and rendered judgment, including in said judgment the said sum of forty dollars, against the objection and protest of the defendant to the jurisdiction and to the sum of forty dollars as aforesaid." Here it appears that the bill of particulars before the court was the plaintiff's original bill of particulars, and that the court admitted evidence to prove " the item of forty dollars." But there was no item of forty dollars in the plaintiff's original bill of particulars, and there is nothing in the motion to show what is meant by " the item of forty dollars." It is true that by turning to the bill of exceptions we find what is meant by this item, but we are not bound to look there for the purpose of helping out the defendant's motion. The motion of itself must show clearly what the error is which is claimed to have been committed by the court; and the court is not bound to help it out by any favorable construction or supposition.

We think therefore that whatever error the court may have committed on this point it is by no means manifest,

either upon the bill of exceptions or the motion for a new trial, from an utter failure of both to set out the matter with any such clearness and definiteness as to inform the court what the error is.

We are the more willing to dispose of the question in this way because there manifestly can have been no real injustice done by the ruling of the court. The plaintiff, as the court found, was entitled to the $40, and though, when the error in his bill of particulars by which it was carried out at forty cents was discovered he ought to have asked to be allowed to amend the bill, which he would undoubtedly have been permitted to do, with such delay of the trial as might be necessary for the accommodation of the defendant if he was taken by surprise and not prepared to meet the charge as thus altered, yet it is very clear that injustice would have been done to the plaintiff by a judgment in his favor for the other items of his account with a disallowance of this one, since he would have been without remedy for that part of his claim thus rejected. The defendant seems to have put his objection wholly upon the ground that the item was but forty cents in the bill of particulars, and did not ask for delay or claim to be taken by surprise. He was perhaps technically right, but we can not believe that he suffered any real injustice by the allowance of the item by the court.

If we could see from the whole record that any real injustice had been done the defendant we might in the exercise of our discretion help out the infirmity of his motion by the most favorable construction that could reasonably be put upon it; but the court is under no obligation to give a motion such a construction and will not do it where it would not manifestly tend to promote justice.

A new trial must be denied and the judgment affirmed.

In this opinion the other judges concurred.