FLOYD K. HUNT AND ANOTHER *vs.* RUFUS T. ROCKWELL AND ANOTHER.

In determining the "matter in demand," upon which the jurisdiction of a court depends, the amount claimed in the ad damnum clause is to govern, except where it clearly appears on the face of the declaration or the bill of particulars, that the debt or damage actually claimed is necessarily too small to confer jurisdiction.

WRIT OF ERROR to reverse a judgment of the Court of Common Pleas of Fairfield County in favor of the defendants in error as administrators of the estate of Coleman Rockwell. The case is sufficiently stated in the opinion.

*Todd*, for plaintiffs in error.

*White*, for defendants in error.

PHELPS, J. This action was originally brought to the Court of Common Pleas to be held on the first Monday in January, 1873. The declaration contained a count on a promissory note described to be for $400 payable on demand with interest, and dated April 1, 1865; also the general indebitatus count, claiming thereunder an indebtedness of $600, and stating the damage in the concluding clause at $500.

By statute that court has jurisdiction over all civil causes which shall be brought before it according to law, and in which the debt, damage, or matter in demand, exceeds the sum of $100 and does not exceed $500.

The plaintiffs' bill of particulars was as follows :—

"April 1, 1870.   For money had and received,          $400

To amount due on account stated, &c., $400

Interest from April 1, 1866.

" As evidenced by a certain note dated April, 1865, signed by the defendants and payable to the order of said Coleman Rockwell."

On the original trial the defendants pleaded the general issue, with notice of the statute of limitations, and that the note in suit was illegally stamped and in violation and fraud of the laws of the United States relating to internal revenue and therefore void ; and on the trial objected to the note and to its admissibility in evidence on those grounds ; which objections were severally overruled and issue found for the plaintiffs and a judgment for $500 damages rendered.   The defendants moved for a new trial, which was denied by the court, and they therefore brought the present writ of error to reverse the judgment of the Court of Common Pleas ; and the question now for the first time raised, is, whether the allegation of an indebtedness of $600 under the general count operated to make the debt, damage, or matter in demand in the declaration more than $500, and therefore beyond the jurisdiction of that court.

We think that construction should not be given to it.   The question of jurisdiction in actions of assumpsit arising from the number of counts, the indebtedness claimed in each, and in the several branches of the general count, and in the plaintiff's bill of particulars, and the damage stated and demand made in the ad damnum clause, has been several times before this court, and in the discussion of the principles involved received the consideration which its importance deserved.   *Denison* v. *Denison,* 16 Conn., 34 ; *Main* v. *First School District,* 18 id., 215 ; *Nichols* v. *Hastings,* 35 id., 546 ; *Hoey* v. *Hoey,* 36 id., 386 ; *Guile* v. *Brown,* 38 id., 237 ;

*Grether* v. *Klock*, 39 id., 133. But the precise question before us has not been heretofore made.

It is very obvious that on the trial in the court below no importance was attached to the general count. Only the note appears to have been offered in evidence, and there is nothing in the record of the cause from the commencement which can justify the impression that any other ground of indebtedness was relied upon or claimed. This conclusion is fully sustained by the form of the plaintiffs' bill of particulars, which is simply for money had and received and due on an account stated, in precisely the amount of the note, and the bill expressly refers to the note for evidence of the correctness of its items. The defendants must therefore have necessarily understood that the real debt, damage, and matter in demand, was the face of the note, with four years' interest, amounting in the whole to $496. The fact that the plaintiffs claimed to recover for but four years' interest, when interest for five years was due, clearly indicated an intention for jurisdictional purposes, apparent on the face of the note in connection with the bill of particulars, to demand less than $500; and the charge of interest thus made with that abatement was notice to the defendants of such intention. The amount of interest accrued at the time the suit was brought was more than sufficient when added to the note to exceed the jurisdiction of the court, but, if the plaintiffs chose, they had a right to abate so much as would bring the matter in demand within the jurisdictional limit. The effect was the same as if they had indorsed one year's interest on the note. It is true the judgment was for $500, instead of $496, but we see no reason, especially in the absence of objection from the defendants, why enough of interest which accrued after the filing of the bill of particulars might not properly have been added to increase the judgment to the amount for which it was rendered.

In view of recent decisions by this court there can scarcely be reason to doubt that, in cases where the question of jurisdiction is left doubtful on the face of the declaration, the effect of a bill of particulars may be very important in determining that

question, at least so far as to prevent the court from exercising jurisdiction when the bill shows a demand below the minimum limit, because a party will be presumed to so frame his bill of particulars as to embrace his whole claim. If the declaration contains several counts, each stating an indebtedness large enough to confer jurisdiction, and the bill of particulars applies to the full subject matter of all the counts and appears to be less than the sum required to give the court jurisdiction, on proper motion the cause will be ordered to be erased, notwithstanding the demand in the ad damnum is sufficiently large. The want of jurisdiction will in such case sufficiently appear on the face of the declaration. This results from the principle, which now seems well established, that the bill of particulars in such cases operates to qualify and amend the declaration and limit the proof according to its effect. *Vila* v. *Weston*, 33 Conn., 42; *Grether* v. *Klock*, *Guile* v. *Brown*, *Hoey* v. *Hoey*, and *Nichols* v. *Hastings*, supra; *Thompson* v. *Colony*, 6 Verm., 91.

The amount stated in the bill of particulars however does not always necessarily control the declaration as to jurisdictional facts, and should not when by reasonable intendment and without injury to the defendant the jurisdiction can be sustained. As if an action of book debt or general assumpsit is brought before an inferior court on a demand stated in the declaration so small as to bring it within the jurisdiction of that court, and the bill of particulars discloses a claim in excess of the jurisdictional sum, judgment may be rendered for the maximum jurisdictional amount, and the balance of the plaintiff's claim will be presumed to be canceled by items of credit not appearing on his bill, and the whole amount will be discharged by the judgment.

But independently of the effect of the bill of particulars, we think the matter in demand stated in the ad damnum clause should be held to determine the jurisdiction, and that the allegation of an indebtedness of $600 in the general count should be disregarded. Taking into consideration all the circumstances, the intention to demand only $500 is so clear

and was so well understood by the defendants that it ought not to be defeated by this proceeding.

In *Grether* v. *Klock*, supra, it was held that in indebitatus assumpsit jurisdiction generally depends on the amount demanded as damages in the writ, that being regarded as the matter in demand within the meaning of the statute. In the several cases on this subject before cited, an apparent confusion and want of uniformity may on first sight appear to exist, but we think they are all consistent with principle and reconcilable with each other, and when critically examined will be so found.

We are however inclined to think that some more definite and easily applied general rule to fix with greater certainty the criterion of jurisdiction should be adopted, and that the matter in demand stated in the ad damnum clause should for that purpose govern in all cases, except where it clearly appears on the face of the declaration, in connection with the bill of particulars, that the debt or damage actually claimed is necessarily too small to confer jurisdiction.

There is no error.

In this opinion the other judges concurred.