ABEL CAMP, ADMINISTRATOR, *vs.* NATHANIEL B. STEVENS.

Where a declaration in assumpsit set up in different counts separate demands, each of which was below the jurisdiction of the court, it was held that the court had no jurisdiction, although the different demands in the aggregate were of sufficient amount, and although the damages claimed were within the jurisdiction.

After judgment had been rendered for the plaintiff in the case, the defendant at the same term of the court moved that the case be stricken from the docket for want of jurisdiction. Held that the motion was not too late, and that the case might properly be stricken from the docket.

ASSUMPSIT, brought by the plaintiff as administrator of one Mary Humphrey, to the Superior Court for Litchfield County. The declaration was as follows:

"Then and there to answer unto Abel Camp, of Norfolk, in said Litchfield County, as he is the administrator on the estate of Mary Humphrey, late of said Norfolk, deceased, in a plea of the case, whereupon the plaintiff declares and says that the defendant, in and by a certain writing or note under his hand, by him well executed, dated the 7th day of April, 1855, promised to pay to the said Mary Humphrey, then in full life but since deceased, for value received, the sum of one hundred dollars, on the first day of July, 1858, with annual interest, as by the said writing or note, ready in court to be shown, appears. And the plaintiff further says, that the defendant in and by a certain other writing or note, under his hand by him well executed, dated the 7th day of April, 1855, promised

to pay to the said Mary Humphrey, then in full life but since deceased, for value received, the sum of seventy-six dollars and twenty-four cents, on the first day of July, 1859, with annual interest, as by the said last mentioned writing or note, ready in court to be shown, appears. And also in the further sum of four hundred dollars, for so much money found to be due from the defendant to the plaintiff upon an account then and there stated between them; and also in the further sum of four hundred dollars, for work and labor done and performed by the plaintiff for the defendant at the special instance and request of the defendant;" concluding with a demand for five hundred and fifty dollars damages. The cause was referred to a committee, who found that the defendant owed the plaintiff $98.52. The report having been accepted and judgment rendered for the plaintiff, the defendant moved that the case be erased from the docket, on the ground that it appeared from the plaintiff's declaration that he was a resident of Norfolk in Litchfield County, and that the two notes described in the declaration, being together less than five hundred dollars, the cause was within the sole jurisdiction of the District Court for Litchfield County.

The court having overruled this motion, the defendant brought the record before this court by a motion in error.

*H. P. Lawrence* and *F. D. Fyler*, in support of the motion.

1. The cause had not by the acceptance of the report and judgment thereon passed beyond the jurisdiction of the court; for a judgment is amendable in form or substance during the term in which it is given. 1 Swift Dig., 785; *Weed* v. *Weed*, 25 Conn., 337; *Wilkie* v. *Hall*, 15 id., 37.

2. Upon the face of the declaration it appears that the court had not jurisdiction of the cause. The claims of the plaintiff are two promissory notes, one for $100, and one for $76.24; and could not, even if no payment had ever been made, exceed $500. To bring the cause within the jurisdiction of the Superior Court it must exceed $500, because the plaintiff was a resident of the town of Norfolk and within the jurisdiction of the District Court of Litchfield County. Gen.

Statutes, p. 37, sec. 1; p. 413, sec. 2; p. 414, sec. 7. Small claims in several counts, neither of which alone is sufficient to confer jurisdiction, cannot be joined to confer jurisdiction. *Dennison* v. *Dennison*, 16 Conn., 38; *Nichols* v. *Hastings*, 35 id., 548.

3. The *ad damnum* in the declaration is sufficient, but that cannot confer jurisdiction when the matter in demand is too small. *Lockwood* v. *Knapp*, 4 Conn., ·258. The demand stated in the declaration governs the *ad damnum* if less than the jurisdiction, and the cause will be dismissed when the want of jurisdiction appears. *Wildman* v. *Rider*, 23 Conn., 176; *Hoey* v. *Hoey*, 36 id., 386; *Grether* v. *Klock*, 39 id., 133; *Hunt* v. *Rockwell*, 41 id., 54.

4. A cause will be dismissed in any stage, if want of jurisdiction appears upon the face of the record. *Lockwood* v. *Knapp*, 4 Conn., 258; *Perkins* v. *Perkins*, 7 id., 565; *Coit* v. *Haven*, 30 id., 190; *Martin* v.. *Commonwealth*, 1 Mass., 347; *Lawrence* v. *Smith*, 5 id., 362.

5. The forms of the general counts, to wit, for money due upon account stated, and for work and labor done, are filled; but they allege no indebtedness to the plaintiff as administrator. They are incomplete and are only surplusage. If indebtedness was expressed it would be to the plaintiff as an individual, and not as administrator, and a plaintiff cannot join in one action demands due to himself, and also as administrator or executor. 2 Swift Dig., 202; *Johnson* v. *Connecticut Bank*, 21 Conn., 154.

*C. B. Andrews*, contra.

1. The plaintiff in error moved to erase this case from the docket after it had gone into judgment. The court below over-ruled the motion. Was this error? Clearly not. A *judgment* cannot be affected by a motion to erase. *Clapp* v. *City of Hartford*, 35 Conn., 220.

2. As this was the only question made in the court below, nothing else can be assigned for error. Rules of Practice, 37 Conn., 619; 18 id., 572; 20 id., 331; 25 id., 432; 32 id., 108; 34 id., 181; 40 id., 544.

PARK, C. J.  It does not expressly appear on the record, what answer the plaintiff made to the motion of the defendant to erase the cause from the docket.  But it does appear that the court overruled the motion, which must have been done on the ground, either that it was insufficient in the law, or that it came too late to be entertained after the cause had been tried on its merits and gone into judgment.  If the latter ground was the basis of the ruling, the entry upon the record ought to have been that the court refused to entertain the motion on the ground that it came too late.  We think that this must have been the ground of the ruling, notwithstanding the imperfection of the record, and as such we will consider it.  Obviously, the Superior Court had no jurisdiction of the case if the allegations of the motion are true, and they must be taken as true, for there is no finding to the contrary, and the court, in overruling the motion, must have proceeded on the ground that they were true.  Indeed, there is no count in the declaration of sufficient amount to confer jurisdiction upon the Superior Court in cases where the parties reside within the jurisdiction of another court, as they did in this case.  *Dennison* v. *Dennison*, 16 Conn., 34; *Nichols* v. *Hastings*, 35 Conn., 546; *Hoey* v. *Hoey*, 36 Conn., 386.  Furthermore, the general counts allege no indebtedness to the deceased in her lifetime, nor to the plaintiff as administrator, and therefore can bring no help to the special counts which are for an indebtedness to the plaintiff as administrator.

It follows, therefore, that no court but the District Court for Litchfield County or the Court of Common Pleas for the county of Hartford, had jurisdiction of the subject-matter of this controversy; and this appears upon the face of the declaration.  It is manifest, therefore, that a writ of error would lie to reverse the judgment, if no motion had been made to erase the cause from the docket.  But a motion in error takes the place of a writ of error, and will lie wherever a writ of error will lie.  If then the judgment could not stand the test of a writ of error, surely it cannot stand the test of this motion in error.  Why then should not the judgment be reversed?  It is clearly a nullity, and when the

attention of the court was called to the fact, we think it should have been so treated, and the cause stricken from the docket, the judgment having been rendered during the same term of the court at which the motion to erase the cause from the docket was made.

There is manifest error in the judgment complained of.

In this opinion PARDEE and GRANGER, Js., concurred.

CARPENTER, J., (dissenting). It seems to me that the only question which properly arises upon this record is whether the court erred in refusing to erase the case from the docket upon a motion filed after final judgment had been rendered. Motions to erase should, as I regard the law, be made before judgment. This was made after judgment, and I think it was therefore properly overruled. The attempt to bring up any error in the record of the judgment in this way seems to me to be irregular, and a practice not to be sanctioned by this court. The court should have first opened the judgment, which it had full power to do, having been rendered at the same term, but it was not asked to do this. The defendant's remedy, as the case stood, was I think by writ of error or motion in error, and not by a motion to erase.

But if the present motion in error is to be regarded as reaching back of the motion to erase, and as presenting regularly for our consideration the other errors assigned, then I agree with the majority of the court that the judgment was erroneous.