SAMUEL P. DAVIS *vs.* THE TOWN OF SEYMOUR.

New Haven & Fairfield Cos., Oct. T., 1890. ANDREWS, C. J., CARPEN-
TER, LOOMIS, SEYMOUR and TORRANCE, Js.

It is provided by Gen. Statutes, § 3752, that any person whose sheep or
    cattle are injured by dogs may give notice to the selectmen of the town,
    who shall estimate the damage, and that such damage "shall be paid
    by such town." Held not to create a contract obligation on the part
    of the town to make such payment.
Where a statute or the common law imposes a duty, or an obligation to pay
    money, the law does not imply a promise to perform the duty or pay
    the money. There must always be a consideration outside of and in
    addition to the statute or the rule of law.
The combining of the claims in several counts will not give jurisdiction
    where the separate counts are not sufficient for the purpose.

[Argued October 29th—decided December 15th, 1890.]

ACTION to recover of the defendant town the amount of
damage sustained by the plaintiff from an injury to his
sheep by dogs, under Gen. Statutes, § 3752; brought to the
Court of Common Pleas in New Haven County. The de-
fendant filed a motion that the case be erased from the
docket for want of jurisdiction, and the court, (*Studley, J.,*)
granted the motion, and the case was stricken from the
docket. The plaintiff appealed.

*V. Munger*, for the appellant.

*W. H. Williams*, for the appellee.

ANDREWS, C. J. This action was brought to the Court
of Common Pleas in New Haven County, under Gen. Stat-
utes, § 3752. The complaint contains three counts. The
first one alleges that on a day named certain sheep of the
plaintiff, worth twelve dollars, were killed by dogs within
the town of Seymour, and that he gave notice, and after-
wards proved to the satisfaction of the selectmen that the
damage done to them thereby was twelve dollars; and the

count concludes " that by force of the statute in such case made and provided, said town became liable to pay to the plaintiff, and a right of action had accrued to the plaintiff to recover from said town, the amount of said damage." The second and third counts are in form exactly like the first. The second alleges a killing of sheep on another day and that the damage was seventy-seven dollars. The third alleges a killing on still another day and lays the damage at twenty-four dollars. The complaint claims damages to the amount of one hundred and fifty dollars.

The Court of Common Pleas has jurisdiction only when the demand exceeds one hundred dollars. On motion by the defendant that court erased the case from the docket for want of jurisdiction, and the plaintiff has appealed to this court.

It was decided in *Denison* v. *Denison*, 16 Conn., 38, that the combining of the claims in several counts would not give jurisdiction to a court, where the claim in the separate counts taken each by itself was not sufficient for that purpose. This ruling has been followed in numerous cases since, among which are *Nichols* v. *Hastings*, 35 Conn., 546; *Hunt* v. *Rockwell*, 41 Conn., 51, and *Camp* v. *Stevens*, 45 Conn., 92. The plaintiff does not deny the force of these decisions, but he seeks to avoid their application to this case. He says that each of the counts in the complaint sets forth facts from which the law implies a contract, and that any number of contracts may be joined and the amounts claimed in all may be added together for the purpose of conferring jurisdiction. Gen. Statutes, § 812. If the plaintiff when he brought the action believed as he now professes to believe, it is somewhat singular that he did not frame his complaint accordingly. The complaint declares that the town is liable by direct force of the statute, and says nothing about any contract.

But does the law imply a contract from the facts stated in any of the counts? A contract is a promise made on a consideration. Without a consideration there can be no contract express or implied. There must be a subject-matter

in respect to which there has been a meeting of the minds of the parties. A contract involves an offer and an acceptance. One party expresses his readiness to be bound to the performance of something concerning the subject-matter and the other party expresses his acceptance of that readiness. This is the meeting of their minds which is essential to the making of a contract. Where there is a consideration such offer and acceptance is a contract. It is true that many times there is such a condition of facts that the law will imply, sometimes an offer by one party and sometimes the acceptance by the other, and so supply an element necessary to the completion of a contract which otherwise might be wanting. The expression "implied contract," is perhaps open to objection in that it seems to admit that an entire contract in all its parts may be implied. The parties to a contract can never be implied, nor the subject-matter, nor the consideration. These must be shown. But the promise which is necessary to complete a contract may be implied. Thus in 1 Swift's Digest, at page 182, it is said:— "The term *implied contract* is generally used to denote a promise which the law, from the existence of certain facts, presumes that a party has made." And at page 397 the cases in which the law implies a promise are brought together and arranged under six heads. The sixth is—" Where a liability to indemnify is imposed by statute."

The plaintiff claims that wherever a statute or the common law imposes a duty or an obligation to pay money, there the law implies a promise to perform that duty or pay that money. This claim cannot be maintained. Neither a statute, nor a rule of law, alone, raises an implied promise. There must always be the fact of a consideration outside of and in addition to the statute or the rule of law. And the promise is implied rather from the consideration than from the statute. The statute or the rule establishes the duty, but the consideration raises the implied promise to perform that duty. The authorities cited by the plaintiff illustrate this perfectly. Take the citation from Pomeroy's Remedies, § 512. The example there given is from Metcalf on Con-

tracts, and is as follows:—" A husband is bound to support his wife, and if he wrongfully discards her any person may furnish support to her and recover pay therefor from the husband. In an action of assumpsit the furnishing of the support must be alleged to have been by the plaintiff at the request of the husband, and a promise by the husband must also be alleged. But proof of the actual facts supports both the allegations. The husband being by law liable to pay, is held to have made both the request and the promise." The furnishing the supplies to the wife is the consideration from which the law raises the promise to perform the legal duty. The citation from 1 Swift's Digest, 397, is to the same effect. It is that where an indemnity is imposed by a statute there the law implies a promise. The example that explains this rule is given at page 488, that " it is the foundation of suits brought by one town against another, or by an individual against a town, to recover expenses incurred in the support of a pauper." The support of the pauper is the consideration. Where one town has been compelled to expend money in the necessary support of a pauper who belongs to another town, there is an implied promise by the latter town to pay the former one, because the former has paid money which the latter ought to have paid. To be sure, without the statute there would be no duty to perform. But the existence of a duty does not of itself raise any implied promise to perform it. There being a consideration for a promise in addition to the duty, the conditions exist from which the law presumes a promise to have been made.

If the law implies a promise from a statute liability alone, to whom is such promise made? Who can sue upon it? The law requires a husband to support his wife. If he wrongfully discards her, is there an implied promise *to her?* Could she bring a suit? Each town is required by statute to support its paupers. *A* is a pauper belonging to the town of Seymour. Is there an implied promise to *A?* Could he sue the town? If he could not, who could? Take another case. A statute says that every person who steals the pro-

perty of another shall pay the owner treble its value. Suppose the plaintiff's sheep had been stolen and he should bring an action for the treble value. Would he, or could he, sue on an implied promise? Or suppose that the thief had been sentenced to pay a fine; that would be a statute liability of the most emphatic kind. Is it so that there is an implied contract on the part of the thief to pay the amount of the fine? Questions of this kind might be multiplied. But these are sufficient to show that the plaintiff's contention cannot be sustained.

In the present case the town is liable, if liable at all, by the direct force of the statute. The elements of a contract are not set forth in the complaint and do not exist in the case.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.