## JAMES K. WALSH ET AL.
*vs.*
## ELI GURMAN

Court of Common Pleas   New Haven County   File No. 34274

MEMORANDUM FILED JUNE 14, 1943.

*David M. Reilly*, of New Haven, for the Plaintiff.

*Beers & Beers*, of New Haven, for the Defendant.

WALLER, J.   This action is brought in the names of three plaintiffs and each sets forth a separate and distinct cause of action in one of the three counts of the complaint. The defendant pleads in abatement and to the jurisdiction on the ground that as these claims are not founded on contract, they

cannot be united in one action in this court under the provisions of section 5457 and 5458 of the General Statutes, Revision of 1930, and therefore the action is to be treated as one action in which the total of the sums demanded in the three counts exceeds the jurisdiction of this court.

The plaintiff demurs to the plea in abatement on the ground that the joinder and consolidation of the several causes of action is permitted under section 822f of the 1941 Supplement to the General Statutes.

It is clear that sections 5457 and 5458 of the General Statutes, Revision of 1930, apply only to causes of action brought in one complaint by a single plaintiff and are limited to claims arising from contracts express or implied. Section 822f is entitled "Joinder of plaintiffs and consolidation of causes" and provides specifically that "all persons may be joined in one action as plaintiffs in whom any right to relief in respect to or arising out of the same transaction or series of transactions is alleged dto exist either jointly or severally, when, if such persons brought separate actions, any common question of law or fact would arise." The obvious intent of this legislation was to permit the joinder of plaintiffs in one action and the consolidation of causes under the circumstances set forth and thus avoid a multiplicity of suits and limit the taxable costs. The provisions of this Act are sufficiently broad to cover causes of action founded on contract or tort. When several claimants have separate and distinct demands against a defendant which may be properly joined in a single suit, the general rule seems to be that each separate claim furnishes the jurisdictional test. 14 *Am. Jur. Courts* §217, p. 413; *Davis vs. Town of Seymour,* 59 Conn. 531; *Johnson vs. Cooke,* 85 id. 679.

Since the demand of each plaintiff as set forth in the separate counts of the complaint is for an amount of damages within the jurisdiction of this court, the demurrer to the plea in abatement is sustained.