18  214
70  382

### Main *against* The First School District in the Second School Society in the Town of Preston:

#### IN ERROR.

Where the declaration in an action of *indebitatus assumpsit* stated, in one part of it, several debts due by the defendant to the plaintiff, each of which by itself constituted a cause of action, as together constituting only one consideration, and but one promise and one breach were alleged; it was held, that this part of the declaration was to be considered as a single count; and as the ag-

gregate amount of such debts was more than seventy dollars, though neither separately was of that amount, the superior court had jurisdiction of the cause.

Where a cause appealed from the county to the superior court, was adjudged, by the superior court, not to be within its jurisdiction, for insufficiency of the matter in dispute, and such cause was remanded to the county court; it was held, that this proceeding was the subject of revision by writ of error.

New-London, July, 1846.

Main
v.
First School District &c. of Preston.

THIS was an action of *indebitatus assumpsit*, brought originally to the county court, and thence appealed to the superior court. The declaration, consisting of two parts, (*a*) was as follows.

1. That the plaintiff, on the 26th day of *September*, 1843, at the special instance and request of the defendants, agreed with them to keep the district school in said district, for the term of four months and one half from and after the 1st day of *November*, 1843, for the sum of fifteen dollars *per* month; and the defendants, in consideration thereof, agreed and promised to pay to the plaintiff the sum of fifteen dollars for each month that he should keep said district school; and although the plaintiff, according to said agreement, did keep said district school, for the term of four months and one half next after the said 1st day of *November*, whereby the defendants became indebted to him, the plaintiff, in the sum of 67 dollars and one half, which they, the defendants, on the 23rd day of *March*, 1844, then and there agreed and promised to pay: yet the defendants, their said several promises not regarding, have never performed the same, though often requested and demanded; which is to the damage of the plaintiff the sum of one hundred dollars.

2. That on the 23rd day of *March*, 1844, the defendants were indebted to the plaintiff in the further sum of 67 dollars, 50 cents, for the wages and salary of the plaintiff before that time due and payable from the defendants to the plaintiff, for the service of the plaintiff, before that time, done and performed, as the hired servant of the defendants, in the business of keeping a district school: And in the further sum of 67 dollars, 50 cents, for the work, labour, care and diligence of the plaintiff, by him before that time, done, performed and be-

(*a*) I do not say *counts*, because the use of this term here, would anticipate the decision of a point in the case.                                     *R.*

*New-London,*
July, 1846.

Main
*v.*
First School
District &c. of
Preston.

stowed, in the business of the defendants, and for the defendants, at their special instance and request : And also in the further sum of 67 dollars, 50 cents, for money received by the defendants, before that time, for the use of the plaintiff : And being so indebted, they, the defendants, in consideration thereof, afterwards, on the 23rd day of *March*, 1844, undertook and faithfully promised the plaintiff to pay to him the said several sums of money above-mentioned, when they, the defendants, should be thereunto afterwards requested and demanded : But the plaintiff says, that the defendants, their several promises aforesaid not regarding, have never performed the same, although often requested and demanded ; which is to the damage of the plaintiff the sum of one hundred dollars.

After the cause had been entered in the docket of the superior court, it was adjudged by that court, that it was not by law appealable from the judgment of the county court, and was not legally in the superior court ; and thereupon it was ordered, that this action be remanded to the county court, for the further order and action of that court thereon.

To obtain a reversal of such judgment and order of the superior court, the present writ of error was brought.

*Foster* and *E. Learned, jr.*, for the plaintiff in error, waiving any claim in regard to the first part of the declaration, contended, 1. That the cause was appealable on the second part. The plaintiff here seeks to recover three several debts, for the non-payment of which, he claims 100 dollars damages. Here are not three counts for one debt, but one count for a debt made up of three items or particulars. And the plaintiff may recover *pro tanto* for as much as he proves of any of these items. If he can prove more than seventy dollars, he may recover more ; and if his claim is so stated as to sustain a recovery for more than seventy dollars, the cause is unquestionably appealable. 1 *Chitt. Pl.* 337. (4th *Am.* ed.) 2 *Wms. Saund.* 122 *a.* n. 2. 1 *Sw. Dig.* 703.

2. That a writ of error will lie on the judgment of the superior court, dismissing the cause for want of jurisdiction, and remanding it to the county court. This judgment was a final one ; and if there was error in it, a writ of error is not only a proper mode of revision, but it is the only remedy that the party injured can avail himself of.

*Strong* and *Young*, for the defendants in error, contended,

1. That the superior court had not jurisdiction of the cause. And here it is to be borne in mind, that the question is purely one of *jurisdiction*, and not as to what causes of action may be joined in the declaration, either in one count or in separate counts. It is settled that the combining in the declaration of several claims, the aggregate of which is more than seventy dollars, does not give jurisdiction to the superior court, if neither of such claims by itself amounts to seventy dollars. *Denison v. Denison*, 16 *Conn. R.* 34. It is the claim stated in the declaration, and not the claim proved on the trial, which determines the jurisdiction. *Newtown v. Danbury*, 3 *Conn. R.* 553. Now, in the first place, it makes no difference with reference to the question of jurisdiction, whether the claims, where there are several, are stated in one count, or in distinct counts; in neither case will the combination of them vary the jurisdiction. Here are three distinct causes of action, which must be proved as alleged. 1 *Greenl. Ev. s.* 68. But secondly, the claims in question are here stated in *distinct counts*. There is one count for the wages of the plaintiff, as the hired servant of the defendants, in the business of keeping a district school; another, for work and labour, performed by the plaintiff, for the defendants, at their request; and a third for money had and received, by the defendants, for the use of the plaintiff. Two of these are what are called the *common counts*, which are always considered as *distinct* counts, though followed by a general conclusion. The other is clearly distinct from these. The case then falls within the letter of *Denison* v. *Denison*, and must be governed by it.

2. That the proceeding complained of was not such a judgment as can be made the subject of a writ of error. It was a mere refusal to take cognizance of the action—to render any judgment—accompanied with an order to the clerk to send the cause back to the court from which it came.

STORRS, J. It being admitted, that the first count of the declaration in this case gave no jurisdiction to the superior court, the question is, whether it had jurisdiction under the second. If this is to be deemed, what its form indicates, a single count only, it is clearly sufficient to give jurisdiction to

*New-London,*
*July, 1846.*

Main
*v.*
First School
District &c. of
Preston.

that court, because there is no doubt that the plaintiff may recover under it more than seventy dollars. He might prove on the trial the whole of the items of indebtedness which are stated in it, and thus be entitled to recover their aggregate amount ; or, if not the whole, more than one of them ; in which case, under the well established rule which prevails in regard to such a count, that if the plaintiff proves only a part of those items he may succeed *pro tanto*, he might recover the amount requisite in order to confer jurisdiction on the superior court.

The defendants however claim, that as this, although, in form, only one count, embraces three distinct debts, each of which constitutes, by itself, a cause of action, it is to be treated as if it were three separate counts ; and that as neither of these debts amounts to seventy dollars, the case falls within the principle established in *Denison* v. *Denison*, 16 *Conn. R.* 35.

In determining the jurisdiction of the court, on the face of this count, it is not an appropriate enquiry whether it is sufficient in law, as a matter of pleading, to enable the plaintiff to maintain his action ; that is to be determined in another mode than on a question of remanding a cause, or striking it from the docket : but the only enquiry is, whether the demand of the plaintiff in the count, irrespective of its legal sufficiency, or the manner in which the facts in it are set forth, is of the amount requisite in order to confer jurisdiction. The sufficiency of the declaration, as to its substance or form, to constitute a title to recover, obviously cannot be decided until the court has determined that it has jurisdiction of the cause.

Looking at the frame of this count, we do not think that it can, consistently with the rules of pleading which apply to the drawing of declarations, be considered otherwise than as a single count. It alleges only one consideration, and one promise, with a breach for the non-performance of that promise. The consideration is stated indeed to consist of several debts due by the defendants to the plaintiff ; but they are stated, not as considerations respectively for several promises, but as constituting together only one consideration for a single promise. A consideration for a promise frequently consists of several things ; but that circumstance ob-

viously does not affect the singleness of the promise or of the *New-London,* July, 1846. cause of action.   This count is therefore no less to be deemed single on that account, than if the consideration was stated to consist of one of those debts, or of any other single thing. The objection to the jurisdiction here, on the ground that there are several causes of action included in this count neither of which amounts to seventy dollars, proceeds on a misconception of the true character of the count.   It in truth alleges and relies on only one cause of action—the promise stated in it and its breach ;—and under it there cannot be a recovery upon more than one promise.   The defendant confounds a count upon a promise for which several debts unitedly form the consideration, which is the character of the one we are now considering, with a declaration containing distinct counts on several promises for which respectively those debts would severally form the consideration.   If each of the debts mentioned in the count before us had been treated as a consideration for three several promises, on each of which a distinct count had been inserted in this declaration, and no others, an objection to the jurisdiction would undoubtedly have been valid.   But that would have presented a different case from the present, which is founded on a single promise, in consideration of those debts, to pay their aggregate amount.

Main
*v.*
First School
District &c. of
Preston.

Originally, the practice, in framing declarations in *assumpsit,* was, to make each demand, to which the *indebitatus* count was applicable, the subject of a separate *indebitatus* count. Subsequently, the mode used in the present case was adopted, of combining several such demands in one such count, and treating them all as forming the consideration of a single promise ; and no objection appears to have been made to this course.   In *Rock* v. *Rock, Yelv.* 175.   S. C. *Cro. Jac.* 245. which was decided in the reign of *James* I., the declaration was of this description, excepting that it stated the aggregate amount of the debts which constituted the consideration for the promise, but not the amount of each of them in particular ;   and no objection was made to the declaration for any other cause than that the amount of each should be shown ; which objection, however, was overruled.   If the count there had not been considered single, but had been viewed as constituting divers counts, it is difficult to see on what ground it

*New-London,*
*July, 1846.*

*Main*
*v.*
*First School*
*District &c. of*
*Preston.*

could have been determined not to be necessary to state the amount of each of the debts which formed the consideration in those counts respectively ; for it would scarcely be contended, even at this day, that an *indebitatus* count is good, which does not state the amount of the indebtedness which forms the consideration for the promise declared on.   In *Webber* v. *Tyvill,* 2 *Saund. R.* 122. the declaration was like that in the last-mentioned case, and no exception was taken to it ; and Serjt. *Williams,* in his note to this declaration, says, that " from hence it appears, that the common counts may be contained in *one count,* stating that the defendant was indebted to the plaintiff in a given sum, (large enough to comprehend all the money which the plaintiff can possibly recover,) as well for goods sold and delivered by the plaintiff to the defendant, as for money lent and advanced, and money paid by the plaintiff to the defendant, and money had and received by the defendant for the plaintiff; and that, in consideration thereof, the defendant promised to pay ;" and he recommends the use of such a count to prevent useless prolixity and unnecessary expense.   Having occasion to direct his attention particularly to the structure of this count, it is singular that he did not detect the objection which there would be to it, growing out of the exception taken in *Rock* v. *Rock,* if it were considered as being really three counts instead of one. At least, since the case of *Webber* v. *Tyvill,* decided in the reign of *Charles* II., this count has been in common use, and no objection appears to have been made to it, until 1809, when in *Bailey & al.* v. *Freeman,* 4 *Johns. R.* 288. a demurrer was taken to a similar count and overruled.   Very recently, in *Beardsley* v. *Southmayd & al.* 2 *Green's R.* 574. a count precisely like the one in the present case, was also sustained, on a special demurrer for duplicity.   This count has also the approbation of Mr. *Chitty,* as appears from his treatise on *Pleading,* and the precedents attached to it ; (*vol.* 1. *p.* 143.—*vol.* 2, *p.* 89. 9th *Am.* ed.) nor is there any intimation by him, that it is to be considered in any other light than as a single count.   If there was the striking peculiarity attending it, which the defendant claims, it is not to be believed, that it would not have been adverted to by him. Under the new rules of pleading, recently adopted by the courts in *England,* (*Regulæ Generales, Trin. T.* 1 *W.* 4.

7 *Bing.* 772.) this form of declaring is enjoined; and it is ordered, upon peril of costs, that several demands to which the *indebitatus* count is applicable, shall not be made the subject of separate and distinct counts, but that one count shall be so framed as to include the whole of the plaintiff's claim, however numerous and unconnected may be the items of which it is composed. *Hennell's Forms,* 138. and *Preface.*

In tracing the history of this count, it appears, that it has always been considered and treated as a single count, and that the object of it was to supersede the necessity of separate counts. It is true, that on the question as to what evidence will support this count, and how far it is necessary, in order to recover on it, to prove all of the items of indebtedness of which the consideration is alleged to consist, the rule is somewhat anomalous, since it is settled, that in that respect, the consideration is to be treated as divisible, and not entire; and that if any of those items are proved, there may be a recovery *pro tanto.* This, however, does not make the count itself divisible, but only shows, that, in this particular instance, there is a departure from the rule of evidence which ordinarily prevails in regard to proving the considerations of promises as laid in declarations. That rule was adopted in respect to this particular count, in order to encourage its use, and to render it more extensively beneficial, while it would subject the defendant to no disadvantage.

We have no doubt that a writ of error is a proper remedy for revising the order of the superior court remanding this cause to the county court. The appellant would otherwise be remediless.

The judgment complained of is therefore reversed.

In this opinion the other Judges concurred.

Judgment reversed.

New-London,
July, 1846.

Main
*v.*
First School
District &c. of
Preston.