## MICHAEL E. HANNON *vs.* JOHN B. BRAMLEY.

First Judicial District, Hartford, October Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Where it appears from the allegations of the complaint, either as origi-
nally drawn or as subsequently amended, that the highest sum the
plaintiff can recover is insufficient to confer jurisdiction on the court,
the case should be dismissed on motion for want of jurisdiction; not-
withstanding the amount of damages claimed in the *ad damnum* clause
is within the jurisdiction of the court.

Accordingly where the complaint alleged a conversion by the defendant
of " six tons of hay, worth $15.00 per ton," belonging to the plaintiff,
and demanded $275 damages, it was *held* that a court which had no
civil jurisdiction of causes wherein the amount involved was less than
$100, had no jurisdiction of the action. *Held* also, that in the ab-
sence of averments justifying such a claim, the limitation of value as
alleged could not be enlarged upon a mere presumption that the proof
might show a greater value and one sufficient to confer jurisdiction.

Where the steps necessary to a valid attachment are in fact taken by an
officer, his omission to recite in the copies left in service, and in his
return on the original writ, all the essential details, is at most only an
irregularity, which does not vitiate the attachment; and such irregu-
larity is cured by his subsequent amendment of the return on the
original writ, made by consent of the court after due hearing.

In an action by an officer to recover damages for the alleged conversion of
hay attached as the property of the defendant, the latter may intro-
duce evidence to show that the hay did not in fact belong to him, but
to others.

[Argued October 5th—decided December 1st, 1894.]

ACTION to recover damages for the alleged conversion of
several tons of hay, brought to the City Court of New Brit-
ain, and tried to the court, *Roche, J.;* facts found and judg-
ment rendered for the plaintiff, and appeal by the defendant
for alleged errors in the rulings of the court. *Error.*

The plaintiff described himself in the complaint as a dep-
uty sheriff of Hartford County and declared, as appears by
the amended complaint, as follows :—

" 1. On the 14th day of August, 1893, and thereafter un-
til the first day of January, 1894, the defendant had in his

possession six tons of hay, worth $15.00 per ton, belonging to the plaintiff, as said deputy sheriff.

" 2. On said 14th day of August and thereafter until said January 1st, 1894, the defendant sold and fed out said hay without authority from the plaintiff, and thereby converted the same to his own use.

" The plaintiff claims $275 damages."

The City Court of New Britain is limited in its jurisdiction to civil causes " in which the debt, damages, or matter in demand, exceeds the jurisdiction of a justice of the peace and does not exceed five hundred dollars." The General Statutes § 664, provides that : " All civil actions for legal relief, wherein the matter in demand does not exceed one hundred dollars, shall be heard and determined by a justice of the peace, subject to the right of appeal," etc. The court rendered judgment for the plaintiff, from which the defendant has appealed.

The finding of facts is this : —

" 1. The plaintiff on the fourteenth day of August, 1893, as deputy sheriff of Hartford county, upon a writ duly signed and issued, and made returnable before Elias M. Steele, a justice of the peace for Hartford county, at Newington, wherein Samuel Hoult was plaintiff, and the defendant in this action was defendant, attached as belonging to said defendant, and being in his possession, six tons of hay, situated in a barn occupied by the defendant in the town of Newington.

" 2. Said attachment was made in all respects as directed by law, but said deputy sheriff did not, in his return on the copy of his writ, left with the town clerk of Newington, specify that he had posted a notice of such attachment on the outer door of the barn in which said hay was situated, nor did said officer, in his indorsement of his doings on the copy of the writ served upon the defendant, state that he had posted such notice on the outer door of said barn, or that he had left with the town clerk of said town of Newington a true copy of said writ, with his doings indorsed thereon, and in the return of service indorsed upon the orig-

inal writ said officer did not state that he had posted such notice or that he had left such copy with said town clerk.

" 3. After the bringing of this action to the City Court, upon request of the plaintiff, and after due hearing had, said justice of the peace allowed the plaintiff, the deputy sheriff aforesaid, to amend his return of his doings upon said original writ so that said return, as amended, should conform to the actual facts, and show that he did post a notice on the outer door of the barn containing the hay, and serve a copy of his said writ upon the town clerk of Newington, as required by statute.

" 4. Said justice of the peace, on the      day of September, 1894, rendered judgment in the case of *Hoult* v. *Bramley* that the plaintiff, Hoult, recover judgment for $41.53, damages and costs, the whole amounting to $54.08, but execution was stayed by reason of and because said judgment had been attached in proceedings in foreign attachment.

" 5. Execution in the case of *Hoult* v. *Bramley* was issued on the 20th day of December, 1893, and was placed in the hands of the plaintiff as deputy sheriff aforesaid for service, and if the original attachment of six tons of hay was valid, the lien thereof was still in force at the date of the issue of the execution and subsequent demand and attempt to levy.

" 6. On December 20th, 1893, the plaintiff, as deputy sheriff aforesaid, by virtue of said execution, made due demand upon the defendant, Bramley, and attempted to levy upon the hay in said barn as hereinbefore described, but found that said hay had been removed from said barn, disposed of, and used by the defendant, and said sheriff, after due search, was unable to find any property whereon to levy to satisfy his execution, and, after due demand on the defendant, returned said execution into court unsatisfied.

" 7. At the close of the plaintiff's testimony defendant moved for nonsuit, because : (*a*) The court had no jurisdiction because the amount in controversy did not exceed one hundred dollars. (*b*) It did not appear in evidence that the officer was answerable over to any person in regard to

this hay. This motion was denied and an exception taken by the defendant.

" 8. The defendant offered in evidence an instrument in writing purporting to be a lease of land from Mary E. Brinley *et al.*, executors, to John B. Bramley, dated March 31st, 1893, as showing: (*a*) That the hay in question did not belong to the defendant. (*b*) That the defendant fed out the hay for the rightful owners under and by virtue of a contract which required him to feed this hay to the cattle belonging to the Brinley Estate, and for the further purpose of showing that the defendant did not have an attachable interest in the hay.

" 9. The plaintiff objected to the introduction of said evi- dence because it was no defense to this action that the hay belonged to some one else other than the defendant, or that the defendant did not have an attachable interest therein, or that the defendant disposed of the same for some other person, but that the rightful owner should have established his title, if any, by an action against said deputy sheriff. The objection was sustained and the defendant excepted.

" 10. No further testimony was offered by the defendant, and none had been offered, to show that the defendant had been prejudiced in any way by the failure of the officer's return, to show the method by which the attachment had been made, or to show that the plaintiff's judgment had been paid and that the officer was not answerable over to the plaintiff.

" The defendant thereupon claimed that this court could not render a judgment, as in the case of *Hoult* v. *Bramley* judgment was rendered for less than one hundred dollars, leaving this court without jurisdiction, as it could not find damages for a greater amount than the judgment in the jus- tice court, and that the failure of the plaintiff to state the mode of attachment in his return to the town clerk and the defendant, rendered the attachment void.

" The court overruled the claims of the defendant, and rendered judgment for the plaintiff in the sum of $63.14 and his costs."

*Noble E. Pierce*, for the appellant (defendant).

I. The City Court of New Britain had no jurisdiction of the action. Special Acts, Vol. 10, p. 137; General Statutes § 664.

As against this defendant, who was the defendant in the original action, the only claim that the officer can have against him is the amount of the judgment in the original suit of *Hoult* v. *Bramley*, which, with all its additions of interests and costs, is only $63.14. Concede for the purposes of argument that the property attached belonged to the defendant and that the officer's attachment was in all respects valid, yet, all that he has acquired by such attachment is a special interest — the extent of the judgment. It would be nonsense to say that an officer is to be allowed to recover the full value of the property attached for the sake of returning the surplus to the defendant; but even if that were so, the property attached is only six tons of hay worth $15.00 per ton, a total of $90.00. Where a court has no jurisdiction of a cause it is not in the power of the parties to confer it by agreement. *Chipman* v. *City of Waterbury*, 59 Conn., 496. Consent or waiver under such circumstances cannot confer jurisdiction. *Orcutt's Appeal from Probate*, 61 Conn., 380. Several claims in different counts cannot be combined to give jurisdiction where the separate counts are not sufficient for the purpose. *Davis* v. *Town of Seymour*, 55 Conn., 531. The motion to strike from the docket for want of jurisdiction, after judgment rendered, was not too late. *Camp* v. *Stevens*, 45 Conn., 92. The case of *Hunt* v. *Rockwell*, 41 Conn., 51, is distinguishable from the case at bar. If, in the ordinary action of assumpsit where the *ad damnum* clause of the writ was sufficient to confer jurisdiction, a bill of particulars were filed to reduce the amount below the jurisdiction, a judgment for the plaintiff would be erroneous for defective jurisdiction. *Grether* v. *Klock*, 39 Conn., 133. An officer cannot maintain this action unless he is accountable to some one for the property, and then only to the value of that interest in the property. *Dayton* v. *Merritt*, 33 Conn., 186. This is ordinarily the amount of the plaintiff's

claim; but it must be a *bona fide* claim.    12 Amer. & Eng. Ency. of Law, p. 283.

II. The attachment was invalid.

The return of the officer upon the original should be sufficient not only to show that the process was served, but should contain a true account of the acts done, to the end that the court may be able to judge whether the service was made according to law.    Wade on Attachment, § 363.    Under our statute the return to the defendant should be as specific as the return upon the original.    General Statutes §§ 907 and 918; American and English Encyclopedia of Law, Vol. I, 921 and 922; *Baxter* v. *Wright*, 21 Pick., 197; *Miller* v. *Schachforth*, 4 Dana (Ky.), 264; *Hill* v. *Cunningham*, 25 Texas, 25; *Myers* v. *Prosser*, 40 Mich., 644; Wade on Attachment, § 155; *Bryan* v. *Osgood*, 52 N. H. 182.    The case of *Pond* v. *Baker*, 55 Vermont, 400, is exactly in point.

The writ was no justification to the officer in attaching the property as against the owners of it who were not defendants in that suit.    *Clark* v. *Gaylord*, 24 Conn., 484.

In this case the plaintiff claims title to certain property; he must prove his title.    Proof of the mere fact of the attachment is not enough.    His title is put in issue by the pleadings.    He did not take the hay into his actual possession.    He never acquired any title to the hay, and the defendant should be allowed to prove that such was the fact; that is a legitimate defense in such an action.    The true owner has a right of recaption without any suit.    Swift's Digest, Vol. I, side page 461; *Shipman* v. *Horton*, 17 Conn., 484; *Bowler* v. *Eldridge*, 18 Conn., 16 and 17; *Thompson* v. *Rose*, 16 Conn., 82; 1 Wait's Actions and Defenses, p. 58.

*John H. Kirkham*, for the appellee (plaintiff).

I. The court had jurisdiction.    The matter in demand is what the writ and declaration demand, not the claim proved on the trial.    *Sullivan* v. *Vail*, 42 Conn., 92.    Moreover the action was one of tort in which exemplary damages might be awarded.    Sedgwick on Damages, Vol. I., § 374; *Kosser* v. *Bunn*, 66 Ala., 89; Addison on Torts, Vol. II., page 1193,

note. The claim for exemplary damages need not be specially pleaded. Sedgwick on Damages, Vol. III., § 1263.

The defendant's claim that the original judgment in *Hoult* v. *Bramley*, which was for $54.08, was the sole test of jurisdiction, was certainly not valid. If so, then the court erred in rendering judgment for a larger amount, viz: $63.14 and costs. However, *testimony* has never been considered in our courts as a test of jurisdiction. *Sullivan* v. *Vail*, 42 Conn., 93 ; *Newtown* v. *Danbury*, 3 Conn., 558. In actions for torts, generally, the amount claimed as damages, not the amount of damages suffered, determines jurisdiction. Am. & Eng. Ency. of Law, Vol. 12, p. 286.

II. The failure of the officer to state the mode of attachment in his return upon the defendant's copy did not render the attachment invalid. General Statutes § 907 ; Drake on Attachment, § 423 ; *Conn et al.* v. *Cadwell*, 6 Ill., 531 ; *Fifield* v. *Wooster*, 21 Ver., 215 ; *Mills* v. *Camp*, 14 Conn., 225 ; *Bridge* v. *Wyman*, 14 Mass., 189 ; Swift's Dig., Vol. I., side page 590 ; General Statutes § 918 ; *Ritter* v. *Scannell*, 11 Cal., 238 ; *Wheaton* v. *Sexton*, 4 Wheat., 503 ; *Warren* v. *Purtell*, 63 Ga., 428 ; *Wilkins* v. *Tourtelotte*, 28 Kan., 825 ; *Buchanan* v. *Sterling*, 63 Ga., 227 ; *Brack* v. *McMahon*, 61 Tex., 1 ; *Cooper* v. *Lockett*, 65 Ga., 702 ; *McAbbe* v. *Parker*, 78 Ala., 573. There are numerous cases which hold that in the amendment of officers' returns a distinction should be made between cases which affect the parties to the suit in which the amendment is granted, and those which would affect adversely the rights of third parties. In the former, amendments are generally allowed. *Means* v. *Osgood*, 7 Greenleaf, 146 ; *Williams* v. *Brackett*, 8 Mass., 240 ; *Putnam* v. *Hall*, 3 Pick., 445 ; *Preston* v. *Hickock*, 9 Conn., 526.

III. The trial court did not err in excluding the evidence offered by the defendant to show that the hay did not belong to him, but that he fed it out as agent for the true owner.

The attached property was in the custody of the law, and no one, not even the plaintiff, had the right to disturb the possession of the officer without due process of law. Drake on Attachment, § 417, and authorities there cited. Such

evidence might have been admissible in mitigation of damages, or to show that exemplary damages should not be awarded, but it was offered for a distinct purpose and for that purpose was clearly inadmissible. The property was *in custodia legis,* and any one rescuing it without process of law was a trespasser. Drake on Attachment, § 290.

ANDREWS, C. J. There is error. The City Court did not have jurisdiction. In *Grether* v. *Klock,* 39 Conn., 133–135, the rule is stated in this way : " If it appear on the face of the declaration, either as originally drawn, or as afterwards amended, that the plaintiff cannot recover all the damages laid in the *ad damnum* clause of his writ, then the matter in demand will be the highest sum which the plaintiff on the face of his declaration appears to be entitled to recover." This rule is approved in *Hunt* v. *Rockwell,* 41 Conn., 51, and in *Camp* v. *Stevens,* 45 id., 92 ; *Davis* v. *Seymour,* 59 id., 531.

On the face of the complaint the plaintiff could recover for no more than six tons of hay at fifteen dollars a ton— only ninety dollars. It is claimed in argument that this sum might be increased by interest, and possibly by exemplary damages, so as to amount to more than one hundred dollars in all. But there are no allegations to justify such claims. The limitations of the plaintiff's demand on the face of the complaint cannot be removed by mere presumption of a variance in proof.

There was no error in holding the attachment to be valid. It is found that the plaintiff actually did all the things necessary to make a valid attachment. The omission to recite on the copies left with the town clerk and with the defendant some of these details was at most an irregularity which did not vitiate the attachment; and the irregularity was cured by the amendment to the officer's return.

There was error in not admitting in evidence the lease offered in evidence by the defendant. The gist of the plaintiff's action was the conversion by the defendant to his own use of the hay which the plaintiff held as an officer by at-

tachment. The evidence offered tended directly to show that this averment was not true.

The City Court erred in not dismissing the case for want of jurisdiction.

In this opinion the other judges concurred.