IRVING EHRLICHMAN *vs.* JOHN F. ACKLEY ET AL.

Third Judicial District, New Haven, June Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 4th—decided July 9th, 1930.

*Henry C. Burroughs,* for the appellants (defendants).

*Samuel L. Friedman,* for the appellee (plaintiff).

PER CURIAM.   Section 3404 of the General Statutes, under which this action was brought, provides: "When any dog shall do any damage, either to the body or property of any person, the owner or keeper . . . shall be liable for such damage, except where such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort." The evidence was conflicting.   Errors assigned as to the finding do not fall within our rule permitting corrections of the finding.   Practice Book, p. 309, § 11.

The conclusions reached by the trial court that the defendants were the owners or keepers of the dog and that the plaintiff was lawfully upon the premises of the defendants are supported by the subordinate facts

found. The damages awarded were not excessive. They were unliquidated and necessarily largely within the legal discretion of the trial court.

Other errors assigned, in admitting the testimony of Irving Ehrlichman and in not holding § 3404 unconstitutional, are not made a part of the finding and therefore are not before us. Had the constitutionality of this statute been before us we should have been obliged to hold that the question was no longer an open one in this jurisdiction. *Grissell* v. *Housatonic R. Co.*, 54 Conn. 447, 461, 9 Atl. 137; *Beckert* v. *Doble*, 105 Conn. 88, 90, 134 Atl. 154.

The injury occurred October 27th, 1928; this action was begun March 25th, 1929, so that ample opportunity was given the plaintiff and his counsel to have ascertained that the injury to the plaintiff did not justify him in bringing this action to the Superior Court. The practice of bringing cases to the Superior Court which manifestly should have been brought to the Court of Common Pleas must cease.

There is no error.