CONGREGATION B'NAI ISRAEL *v.* ANIELA DYMYTRUK ET AL.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 14—decided November 23, 1942.

*Robert J. Woodruff*, for the appellant (named defendant).

*Carl A. Lundgren*, for the appellee (plaintiff).

JENNINGS, J. This case involves the legality of a decision that the named defendant is in contempt of an order enjoining·her from interfering with a right of way over her property which was issued at the suit of the plaintiff in 1932. In 1934 the plaintiff sold the dominant tenement by warranty deed, including the right of way, to the Trustees of the First Methodist Church of Ansonia,· hereinafter called the complainants. On the same day, the latter leased the property to the A.M.E. Zion Church, which has occupied it since that time. On December·23, 1941, the complainants filed a motion for, judgment for contempt of court for failure to obey the ·injunction obtained by the plaintiff in 1932. While the injunction was granted to the "plaintiff, or its agents or its successors or assigns," the complainants were not parties to the original judgment. No objection on this ground having been made, however, the case will be considered on its merits.

In 1932 the defendant owned and still owns a tract of land located at the southeast corner of Colburn and Canal Streets in Ansonia on which stands a two-family house. The southerly portion of the tract con-

stitutes a yard bounded on the west by Canal Street. The plaintiff then owned and the complainants now own a lot situated next to the defendant's land on its easterly side on which there was and still is a church building facing Colburn Street. The east wall of the defendant's house and west wall of the church building are parallel and about eight feet apart. In the rear of the church building is a yard which adjoins that on the defendant's premises. The court in 1932 found that the plaintiff was entitled to a right of way eight feet wide running from Canal Street along the southerly boundary of the defendant's yard. The defendant was enjoined from interfering with the use of this passway. The defendant has attempted, with more or less success, to prevent this use by the plaintiff and the complainants.

This finding is attacked by the defendant. She seeks, by the addition of paragraphs from the draft finding and the elimination of paragraphs of the finding, to establish that the plaintiff abandoned the passway and was ousted of possession when it gave its deed to the complainants. If unsuccessful in this, the defendant claims that, by the same method, she has established the fact that the plaintiff and she agreed to substitute the use of the alleyway between the buildings running south from Colburn Street for the passway running east from Canal Street. An examination of the evidence printed in support of these assignments of error does not show that the defendant is entitled to corrections which will accomplish this result. The finding stands.

The defendant attacks the jurisdiction of the Court of Common Pleas to issue the injunction in the first place. That court is one of limited jurisdiction. By General Statutes, § 5439, it had at the time the original suit was brought concurrent jurisdiction with

the Superior Court in both equitable and legal actions when the "matter in demand" exceeded $500 and did not exceed $2000. The writ demanded damages of $1000 and an injunction. The action was therefore prima facie within the jurisdiction of the court. The ordinary rule is that the "matter in demand" is to be determined upon the basis of the allegations of the complaint and the demand for relief. *Sullivan* v. *Vail,* 42 Conn. 90, 92; *Prince* v. *Takash,* 75 Conn. 616, 620, 54 Atl. 1003; *Atlantic Refining Co.* v. *Schoen,* 118 Conn. 26, 28, 170 Atl. 478. But even if this rule is not applicable in such a case as the one before us, the trial court in the case at bar held that the defendant produced no credible evidence that the "matter in demand" exceeded in value the limit of jurisdiction. This in any event effectually disposes of the defendant's claim. *Nowsky* v. *Siedlecki,* 83 Conn. 109, 118, 75 Atl. 135. It held further that even if the testimony of the defendant's real estate expert was accepted the right of way, which was the "matter in demand" rather than the whole property, plus the damages awarded was, as to value, within that limit. *Bronson* v. *Leibold,* 87 Conn. 293, 300, 87 Atl. 979; *Louisville & N. R. Co.* v. *Smith,* 128 Fed. 1, 4, 63 C. C. A. 1; *Swan Island Club* v. *Ansell,* 51 Fed. (2d) 337, 339.

In a word, both of the defendant's contentions were decided against her as questions of fact and no error in applying the rules of law thereto is made to appear.

There is no error.

In this opinion the other judges concurred.