## HARRIET TABB
*vs.*
## JACOB HOBERMAN ET AL.

Superior Court     Hartford County     File No. 72390

MEMORANDUM FILED MARCH 6, 1945.

*Nathaniel Bergman,* of Hartford, for the Plaintiff.

*Apter & Nahum,* of Hartford, for the Defendant.

INGLIS, J. This is an action brought under the Emergency Price Control Act of 1942 (U. S. Code, *tit.* 50, Appendix, §901 *et seq.*), based upon a claim that the defendants over-charged the plaintiff for rent of a furnished apartment to the extent of $5 per week for a period of about 74 weeks. Under the Act, if the allegations of the complaint are proved, the plaintiff would be entitled to recover an amount equal to either treble the amount of the overcharge or the sum of $50 for each overcharge, whichever is greater. That would make the maximum possible recovery in this case approximately $3,700. The plaintiff has stated her cause of action in one single count. This motion raises the question of the juris-diction of this court to entertain the action.

The Act makes each individual overpayment a separate offense and therefore a separate cause of action. *Lapinski vs.*

*Copacino*, 131 Conn. 119, 131. That means that the plaintiff has or claims to have 74 separate and distinct causes of action. She so alleges *in* paragraph 8 of the complaint, where she says that the defendants "are liable to the Plaintiff for $50.00 for each weekly overpayment, plus reasonable attorneys' fees." Under our practice separate causes of action arising as these have out of the same transaction are joinable in the same complaint but must be stated in separate counts. (Gen. Stat. [1930] §5512.) The fact that the plaintiff has improperly joined her separate causes of action in one count ought not to obscure the question raised on this motion. If in essence the complaint states a series of separate causes of action, as it clearly does, the question of the jurisdiction of the court should be decided in the same way that it would be decided if the separate causes of action had been properly stated in separate counts.

It is apparent that the maximum recovery possible on each cause of action is $50, plus reasonable attorneys' fees. The minimum jurisdiction of the Superior Court in such cases is $2,500. (Supp. [1941] §813f.) It is inconceivable that "reasonable attorneys' fees" could be so large that they would enlarge the $50 recovery to anything like $2,500. It is well settled that a plaintiff may not confer jurisdiction upon the Superior Court by tacking together several causes of action, no one of which is within the jurisdiction of the court, simply because the aggregate of the demand on all of the causes of action is an amount within that jurisdiction. *Brennan vs. Berlin Iron Bridge Co.,* 75 Conn. 393, 396. Moreover, the jurisdiction of the court is to be determined by the amount of the highest sum which the plaintiff can recover and not necessarily by the *ad damnum. Hannon vs. Bramley,* 65 Conn. 193.

In the present case it is clear that the maximum which the plaintiff can recover on any one of her separate causes of action is far below the minimum jurisdiction of the Superior Court. Accordingly, the whole case, in spite of the *ad damnum,* is outside the jurisdiction of this court.

For the foregoing reasons the motion to erase from the docket is granted.