## WALLACE C. KOWALSKI v. GENEVIEVE KOWALSKI

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 79103

Memorandum filed March 17, 1950.

*Gwiazda & Plocharczyk,* of New Britain, for the Plaintiff.

*Ericson, Politis & Gleason,* of New Britain, for the Defendant.

ALCORN, J. This action, returnable on the first Tuesday of April, 1947, claims $3000 damages, an accounting, "an order of the court dividing said savings account equally," and such other relief as to equity may appertain. The complaint alleges that the parties, husband and wife, agreed to save their net earnings in a joint savings account in which each would have a half interest; that the parties separated in February, 1947, as a result of a marital rift; and that the defendant has refused to divide the account which amounts to about $2000.

In other words, the plaintiff seeks to recover about $1000. The Court of Common Pleas, and not the Superior Court, has jurisdiction of actions in which the matter in demand does not exceed $2500. General Statutes §§ 7745, 7740, (Sup. 1941, §§ 813f, 808f when this action was brought). Where it appears from the allegations of the complaint that the plaintiff cannot recover the damages claimed, then the matter in demand will be the highest sum which the plaintiff upon the face of the complaint appears to be entitled to recover. *Atlantic Refining Co.* v. *Schoen,* 118 Conn. 26, 28; *Friede* v. *Jennings,* 121 Conn. 220, 230; *Congregation B'nai Israel* v. *Dymytruk,* 129 Conn. 415, 418.

Even if the plaintiff sought the entire account in issue, with interest accrued to the date of suit, it would be below the lowest concurrent jurisdiction of this court.

It is noted in passing that the evidence, which was brief, showed that the account at no time ever exceeded $2148.75 and at the time complained of amounted to $1316.93. Furthermore, the plaintiff negatived the allegations of his own complaint by testifying that there was no agreement concerning the account and, beyond that, it is clear that the defendant is entitled to the account by gift.

Judgment may enter erasing the action from the docket for lack of jurisdiction.