BEATRICE HOLMQUIST v. LOUIS A. SPINELLI

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 2, 1952—decided January 27, 1953

*Philip Reich,* for the appellant (plaintiff).

*Kenneth J. Zarrilli,* with whom, on the brief, was *George R. Bisacca,* for the appellee (defendant).

INGLIS, J. This is an action to recover for personal injuries sustained by the plaintiff as a result of the claimed negligence of the defendant. The complaint alleged that the injuries were of a serious, painful and permanent character and consisted of a severe contusion of the right knee, a fracture of the patella, injury to the semilunar cartilage and a severe shock to the plaintiff's nervous system. It was further alleged that the plaintiff had incurred expense for medical care and was for a long time incapacitated from pursuing her occupation, with resultant loss of earnings. She claimed $7500 damages. After the plaintiff's case was partially tried, the trial court concluded that the total amount of damages to which

the plaintiff was reasonably entitled was less than $2500 and for that reason, of its own motion, directed a judgment of nonsuit. It, thereafter, denied a motion to set aside the judgment, and from that action this appeal has been taken. If it be assumed that the court's estimate of the plaintiff's damages is correct, the sole question before us is whether the denial of the motion was proper.

The jurisdiction of the Superior Court is determined by § 7745 of the General Statutes. It has jurisdiction of "all civil actions wherein the relief, legal or equitable, severally and distinctly demanded, shall exceed twenty-five hundred dollars." The Court of Common Pleas has exclusive jurisdiction in "all civil actions for legal relief only, wherein the matter in demand shall exceed one hundred dollars, but shall not exceed twenty-five hundred dollars." § 7740. The two courts have concurrent jurisdiction in cases in which the matter in demand exceeds $2500 but does not exceed $5000. § 7741. Although the statute relating to the exclusive jurisdiction of the Superior Court uses the phrase "relief . . . demanded," this, as applicable to actions at law for the recovery of damages, has the same meaning as the phrase "matter in demand" as used in the two other statutes. The damages demanded is the matter in demand. The dominant factor, therefore, in determining which court has jurisdiction of an action for damages is the amount of the "matter in demand."

From the earliest times in this state, and in a long line of cases, it has been held that the amount of the matter in demand is to be discovered only by reference to the complaint. Ordinarily, in an action for damages, it is fixed by the ad damnum. If the complaint itself discloses that the maximum

amount of damages to which the plaintiff appears to be entitled is less than the amount of the ad damnum, the former is the amount of the matter in demand. In no event, however, is the amount of the matter in demand to be determined from the evidence taken on the trial. *Pitkin* v. *Flowers,* 2 Root 42; *Skinner* v. *Bailey,* 7 Conn. 496, 498; *Newtown* v. *Danbury,* 3 Conn. 553, 558; *Nichols* v. *Hastings,* 35 Conn. 546, 549; *Main* v. *First School District,* 18 Conn. 214, 218; *Grether* v. *Klock,* 39 Conn. 133, 135; *Hunt* v. *Rockwell,* 41 Conn. 51, 53; *Sullivan* v. *Vail,* 42 Conn. 90, 92; *Burke* v. *Grace,* 53 Conn. 513, 516, 4 A. 257; *Hannon* v. *Bramley,* 65 Conn. 193, 200, 32 A. 336; *Prince* v. *Takash,* 75 Conn. 616, 620, 54 A. 1003; *Atlantic Refining Co.* v. *Schoen,* 118 Conn. 26, 28, 170 A. 478; *Congregation B'Nai Israel* v. *Dymytruk,* 129 Conn. 415, 418, 28 A.2d 872.

To emphasize the impropriety of resorting to the evidence to ascertain the amount of the matter in demand, *Hosmer, C. J.,* in *Newtown* v. *Danbury,* supra, used italics. What is said in the opinion in that case has direct application to the case at bar: "To warrant the official interposition of the judge, in the manner requested, the matter in demand *on the declaration* must have been below the jurisdiction of the court. Now, the declaration is clearly on a subject matter within the cognizance of the court; and the objection is founded, exclusively, *on the testimony*; which has never been considered a test of jurisdiction . . . . To sustain the objection now made, *a new principle* must be adopted, rendering it requisite to dismiss every cause, in which the proof of the sum recoverable, should fall below 70 dollars."

The evil against which the action of the trial court in the instant case was directed was well described

in the memorandum on the motion to set aside the nonsuit in the following language: "We are dealing here with an actual condition, not a theory. Litigants are vexed at the delays encountered in getting their cases tried. Judges and bar associations endeavor to find cures for the 'ills' while at the same time, the practitioners (especially in the field of negligence) return to the Superior Court, cases that by no stretch of the imagination would warrant judgments in excess of the jurisdiction of the municipal courts or above the minimum jurisdiction of the Superior Court." It is true that the dockets of both the Superior Court and the Court of Common Pleas are overcrowded. If cases which are properly within the jurisdiction of the inferior courts were made returnable to those courts and not to the Superior Court, they would probably be disposed of more promptly and certainly the congestion in the Superior Court would be somewhat relieved.

We look with favor on any proposal designed to expedite the disposition of litigation. Indeed, we said as far back as 1930: "The practice of bringing cases to the Superior Court which manifestly should have been brought to the Court of Common Pleas must cease." *Ehrlichman* v. *Ackley,* 111 Conn. 666, 667, 151 A. 189. If it is so that the practice is still indulged in by some attorneys, however, the direction of nonsuits in cases after they have been partially tried is neither the practical nor the lawful way to correct the evil. As a practical matter, the granting of such a nonsuit in the Superior Court only results in a retrial in the Court of Common Pleas, and the time of the Superior Court consumed by the partial trial is wasted. Irrespective of practical considerations, the law is, as we have pointed out, that jurisdiction must be determined from the

allegations of the complaint without any assistance from the evidence. If the complaint on its face indicates that the case is within the jurisdiction of the court to which it is returned, that settles the question even though it may later appear from the evidence that the amount actually involved is not within the jurisdiction. This rule of law is now too well settled to be disturbed.

It does not follow that the courts are powerless to curb counsel in the practice of returning cases improperly. The attorney's oath requires all lawyers to deal honestly with the courts. We should make it plain that there is no evidence that the plaintiff's attorney in the case at bar was subject to criticism on that ground. Speaking in general terms, however, and not with reference to the instant case, if an attorney, acting in bad faith, overstates the matter in demand in a complaint for the purpose of justifying its return to the Superior Court, that manifestly would be a misrepresentation to the court which would make him subject to discipline.

In the case at bar, the allegations of the complaint were such that it appeared that the amount of the matter in demand was in excess of the minimum jurisdiction of the Superior Court. For that reason the case was not susceptible of removal from the Superior Court by a judgment either of erasure from the docket or of nonsuit. The court's denial of the motion to set aside the nonsuit was erroneous.

The defendant urges that in view of the fact that the nonsuit was entered on the trial court's own motion, no costs should be taxed against him in this court. Section 3602 of the General Statutes, after providing that certain specified costs in the Supreme Court of Errors may be allowed to the prevailing party, reads: "The foregoing costs in the supreme

court of errors shall be in the discretion of the court on reservation of a cause for advice, or when a new trial shall be granted . . . ." See also General Statutes § 8006. A new trial is granted in this case, and under all the circumstances justice requires that at least some of the costs should not be imposed upon the defendant. The judges of the Superior Court have adopted a rule which provides specifically: "The expense of printing evidence upon an appeal from the denial of a motion to set aside a nonsuit . . . shall be taxed to the appellant as costs, if he prevails." Practice Book § 452. On the whole, therefore, we conclude that the expense of printing the evidence, but no other costs, should be taxed against the defendant.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

No costs in this court shall be taxed against the defendant except the expense of printing the evidence.

In this opinion the other judges concurred.