CHARLES HOWELL v. AUGUST R. DISTASI ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-676-13711

Argued May 6—decided June 21, 1968

*Robert P. Scholl,* with whom, on the brief, was *Earl F. Capuano,* both of Westport, for the appellant (plaintiff).

*P. Hurley Bogardus, Jr.,* of Stamford, for the appellee (defendant The Merchants Bank and Trust Company).

KINMONTH, J. The plaintiff in both his complaint and lien recited that he had furnished labor and materials to the defendants DiStasi in the amount of $17,075.20 in the construction of a building on land owned by them and that there remained a balance due and owing of $1602. The plaintiff also set out in his complaint that there were other encumbrances on the property, including a mortgage to the defendant The Merchants Bank and Trust Company in the amount of $22,500. The plaintiff claimed (1) a foreclosure of his mechanic's lien; (2) possession of the subject property; (3) $2500 damages; and (4) such other relief as the court may deem necessary and proper. The defendant The Merchants Bank and Trust Company, in its motion to erase the action from the docket, alleged that the subject matter of the action "includes title to and possession of said premises and equitable title to said premises in amounts ranging from twenty-two thousand five hundred dollars down to and including two hundred fifty-three dollars" and that it "requires the court to declare and determine equitable rights and other relations concerning land as well as the foreclosure of a lien and thus by reason of its subject matter, is without the jurisdiction of the Circuit Court."

Our basic statute relating to the jurisdiction of the Circuit Court is § 52-2a of the General Statutes and provides as follows: "The circuit court shall have jurisdiction of all civil matters for legal or equitable relief, or both, including actions of summary process and paternity proceedings, but not in-

cluding those actions which by statute are triable only by the superior court or the court of common pleas or by a judge of one of said courts, wherein the amount, legal interest or property in demand does not exceed in value seven thousand five hundred dollars, not including interest, costs and attorney's fees." The words "amount," "legal interest" or "property in demand" are equivalent to "matter in demand." *Holmquist* v. *Spinelli,* 139 Conn. 429, 431. That the Circuit Court has jurisdiction in certain instances to entertain actions seeking both equitable and legal relief is not open to question. The question presented in the instant case is whether the Circuit Court has jurisdiction when the plaintiff is seeking not only damages, which are allegedly within the $7500 limit, but also equitable relief by way of a decree in favor of the plaintiff for possession of property which admittedly has a value of over $22,500 and the foreclosure of a mechanic's lien in which the original debt was $17,075.20.

In the early Connecticut case of *Peters* v. *Goodrich,* 3 Conn. 146, it was held that the value of the mortgaged property determines the jurisdiction of the court in foreclosure actions. Subsequently, this rule was modified by a statute which has come down to the present day in substantially the same form as originally enacted (Public Acts 1869, c. 93, § 4) and is § 52-38 of the General Statutes. It reads as follows: "In actions for the foreclosure of title or the redemption of property claimed to be subject to a mortgage or lien, the amount of the debt or liability secured by such mortgage or lien, as described in the mortgage or certificate of lien, shall be deemed to be the amount of the matter in demand." The "matter in demand" in the foreclosure of a mortgage has been interpreted to mean the amount of the original debt described in the mortgage, regardless of the amount due at the time of the foreclosure. *Cantoni*

v. *Betts,* 70 Conn. 386, 389; *Stone* v. *Platt,* 41 Conn. 285. This we feel is in accord with the statute as to mortgages, for the amount of the debt secured by such mortgage as described in the mortgage shall be deemed to be the amount of the matter in demand.

The lien in the instant case was for $1602, although admittedly the plaintiff set forth an original debt of $17,075.20, against which he gave credits for payments made prior to his recording his certificate of lien. These statements, under our statute, were surplusage, for § 49-34 of the General Statutes merely says that the certificate of lien shall state the amount claimed as a lien. In some states, the statutes regulating the filing of such liens explicitly require the value of labor and materials and the amounts of payments to be specified. But where the statutes are silent as to these matters, it is sufficient to state the balance claimed to be due. Our statute is silent as to the value of materials and labor and as to payments, and only requires the amount claimed as a lien to be stated. The essential thing under the statute to be stated is the amount of lien claimed. *Nichols* v. *Culver,* 51 Conn. 177, 178. This is in accord with the statute as to liens, for the amount of the debt or liability secured by such lien as described in the certificate of lien shall be deemed to be the amount of the matter in demand. The dominant factor, therefore, in determining which court has jurisdiction of an action is the amount of the "matter in demand." *Holmquist* v. *Spinelli,* supra. The certificate of lien in the instant case, stripped of its surplusage, clearly states the amount claimed, or the matter in demand, to be $1602. This being the matter in demand, it is clearly within the jurisdiction of the Circuit Court.

Judgment for possession is merely ancillary to a judgment of foreclosure. Having jurisdiction to

enforce the lien, the court has jurisdiction to do whatever is necessary to enforce it effectively and give complete relief. *Throckmorton* v. *Shelton,* 68 Conn. 413, 416.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion WISE and DEARINGTON, Js., concurred.