[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The defendant herein has moved to strike the complaint on the ground that the plaintiff's action, allegedly served upon the defendant on July 18, 1990, is barred by the two year negligence statute of limitations, Conn. Gen. Stat. Sec.52-593a(a), the sheriff did not endorse under oath on his return the date of delivery of the process to him for service as required by Conn. Gen. Stat. Sec. 52-593a(b). In the alternative, the defendant has moved to strike the plaintiff's claim for punitive damages under Conn. Gen. Stat. Sec. 14-295.
The plaintiff has filed memorandum of law in opposition to the motion to strike pursuant to Conn. Practice Book Sec. 155. The plaintiff simultaneously filed an amended complaint which deleted the claim for relief which the defendant had moved to strike. Both parties filed supplemental memorandum of law. At oral argument, the plaintiff submitted an amended affidavit and sheriff's return in which the sheriff who served the papers upon the defendant stated that the date of delivery of the process to him was July 15, 1990.
A motion to strike challenges the legal sufficiency of a I pleading to state a claim upon which relief can be granted. Conn. Practice Book Sec. 152; see Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). The statute of limitations generally may not be raised by a motion to strike. Bowrys v. CT Page 2083 Santanella, 39 Conn. Sup. 102, 106 (Super.Ct. 1983). The statute of limitations must be specially pleaded. Conn. Practice Book Sec. 164; see Morrisette v. Archambault,31 Conn. Sup. 302, 303 (Super.Ct. 1974). The defendant's motion to strike the complaint in this case based upon the statute of limitations is improper and is denied.
The plaintiff has submitted an affidavit and amended return which provides the date that the sheriff who made service received the papers in compliance with Conn. Gen. Stat. Sec. 52-593a(b). A return which does not conform with the statutory requirement is curable by amendment of the return. Zarillo v. Peck, 33 Conn. Sup. 676, 677 (Appellate Sess. 1976), citing Hannon v. Bramley, 65 Conn. 193, 199
(1984).
The defendant's motion to strike the complaint is denied. Since the plaintiff has filed an amended complaint which deletes the claim for punitive damages under Conn. Gen. Stat. Sec. 14-295 which the defendant had moved to strike, the court does not address that ground as being moot.
DUNN, J. CT Page 2084
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2085